Mark E. Ellis - 127159
June D. Koper - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 565-0300
Facsimile: (916) 565-1636

Attorneys for Defendant
BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE; AND RAY LEWIS aka LENIN CANIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC.,<br><br>Defendants. | Case No.: C04 0478 CRB<br><br>**JOINT APPLICATION FOR CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS AGREEMENT**<br><br>Date: **August 26, 2006**<br>Time: **10:00 a.m.**<br>Courtroom: **8, 19th Floor** |

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, plaintiff Rita Camacho ("Plaintiff"), on behalf of herself and the class she represents, and defendants Bridgeport Financial, Inc., Christina Harbridge, and Ray Lewis aka Lenin Canio, jointly move for certification of a settlement class in conjunction with this Court's preliminary approval of the Class Action Settlement Agreement (attached hereto as Exhibit A) of the above captioned class action.

1. On February 4, 2004, Plaintiff filed this class action lawsuit in the United States District Court for the Northern District of California, alleging that Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Defendant Bridgeport Financial, Inc. ("Bridgeport" or "defendant"), and Plaintiff Rita Camacho agree to the following terms pursuant to the Class Action Settlement Agreement ("Agreement"):

- 1 -

A. The Agreement shall become effective ("Effective Date") upon the occurrence or happening of all of the following events:

   i. The Court's entry of a Final Order (1) approving this Settlement Agreement as fair, reasonable and adequate to the class; (2) finding that this Settlement Agreement is made in good faith; and (3) entering an order retaining jurisdiction to enforce the settlement, if necessary.

   ii. The expiration of five days after the final Order is entered and not subject to appeal, or, if an appeal has been sought, the expiration of five days after the final disposition of any such appeal, which disposition approves the Court's final Order, the transactions contemplated therein, and the consummation of the settlement in accordance with the terms and provisions of this Settlement Agreement.

B. Defendant Bridgeport will make the following payments:

   i. Bridgeport will pay $2,000 to Rita Camacho as statutory damages and for her services as class representative;

   ii. Bridgeport will pay 1% of its net worth, $341.50, as demonstrated by its balance sheet previously produced, to Legal Services of Northern California for use in consumer education or representation as a *cy pres* fund.

   iii. Bridgeport will pay notice costs upon preliminary approval of class settlement as described in the Settlement Agreement..

   iv. Bridgeport will provide the names and addresses of the class members to class counsel;

   v. Bridgeport will bear all costs of notice;

   vii. Bridgeport will pay reasonable costs and attorney's fees which will be determined by the Court, if not mutually agreed to by the parties.

C. This class action will be certified as a (b)(2) class.

D. The claims against the individual defendants will be dismissed; and

E. The class will be defined as follows:

   (i) all persons with addresses in the State of California (ii) to whom collection letters in the form of Exhibit A (attached to the Complaint),

- 2 -

(iii) were sent by Bridgeport Financial, Inc., a California Corporation, in an attempt to collect a debt incurred for personal, family, or household purposes (iv) sent during the period of one year prior to the filing of the complaint in this action through June 30, 2006, (v) which letters were not returned undelivered by the United States Postal Service.

The parties have interpreted "in the form of Exhibit A" as used above in the class definition to mean the letter that was worded as Exhibit A, and that were addressed to California residents and referenced debts owed by these California residents to the creditors identified in the letter.

F. Plaintiff and each class member will be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys and employees, from all claims, controversies, liabilities, actions and causes of action which were asserted or could have been asserted in this litigation. This release is conditioned upon the performance by Defendant Bridgeport of its obligations toward Plaintiff and the class members as set forth in this Settlement Agreement. Bridgeport does not release any obligation by any debtor to any Bridgeport client or to Bridgeport.

G. If the Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used as a limitation on Plaintiff's alleged damages nor an admission of liability by Defendants in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

3. Counsel for the class has investigated the facts available to counsel and the applicable law. Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the class, counsel for the class considers it to be in the best interest of the class to enter into this Settlement Agreement.

4. At the conclusion of the fairness hearing, the Court will determine whether to enter a Final Order approving the terms of the Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class members satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, directing the entry of the Final Order, and retaining jurisdiction to enforce the provisions of the Agreement.

JOINT APPLICATION FOR CERTIFICATION OF SETTLEMENT CLASS AND PRELIMINARY APPROVAL OF CLASS AGREEMENT

5. The parties propose use of a form of class notice substantially similar to the proposed notice attached to the Settlement Agreement as Exhibit A, the form of proposed Preliminary Order, attached to the Settlement Agreement as Exhibit B, and the form of Final Order, attached to the Settlement Agreement as Exhibit C.

6. Plaintiff Rita Camacho and Defendants Bridgeport Financial, Inc., Christina Harbridge, and Ray Lewis aka Lenin Canio request the entry of the [Proposed] Order Certifying Settlement Class and Granting Preliminary Approval of Class Settlement, filed concurrently herewith and, after notice and a hearing, the [Proposed] Order Granting Final Approval of Class Settlement, which will be filed with the Joint Application for Final Approval of the Class Settlement, and which is attached to the Settlement Agreement as Exhibit A.

7. The total settlement amount to the class members and plaintiff shall be paid by defendant Bridgeport Financial and sent to the class administrator within forty-five (45) days after entry of the Court's order granting final approval of the Class Settlement.

8. This Court shall retain jurisdiction of this matter until all terms of the Agreement are complied with by defendants. This action will be dismissed with prejudice when all terms of the Agreement are complied with by defendants.

WHEREFORE, the parties request that the Court preliminarily approve the proposed settlement of this litigation as a class action pursuant to Rule 23(e) and certify the class pursuant to Rule 23(b)(2).

Dated: July 21, 2006

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
June D. Koper
Attorneys for Defendant
BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE; AND LENIN CANIO

Dated: July ___, 2006

HORWITZ, HORWITZ & ASSOCIATES

By _____
O. Randolph Bragg

DSN.10325211.doc

- 4 -

Mark E. Ellis - 127159
June D. Koper - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Telephone: (916) 565-0300
Facsimile: (916) 565-1636

Attorneys for Defendant
BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE; AND RAY LEWIS aka LENIN CANIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC.,<br><br>Defendants. | Case No.: C04 0478 CRB<br><br>**CLASS ACTION SETTLEMENT AGREEMENT** |

1. **PARTIES:** The parties to this Settlement Agreement are: Plaintiff RITA CAMACHO ("Plaintiff"), on behalf of herself and all others similarly situated, and Defendant Bridgeport Financial, Inc., ("Defendant"). This Agreement binds the Plaintiff, the class members, and the Defendant, their assigns and successors, officers and employees of Defendant, and all others acting with knowledge of this Agreement. Liability for payment of the settlement monetary relief attaches only to Bridgeport Financial, Inc.

2. **NATURE OF LITIGATION:** On February 4, 2004, Plaintiff filed this class action lawsuit in the United States District Court for the Northern District of California, alleging that Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

- 1 -

Class Action Settlement Agreement

EXHIBIT A

3. **LIABILITY:** The claims of the Plaintiff are disputed. Plaintiff and Defendants consider it desirable that the action and the claims therein be settled upon the terms and conditions set forth in this Settlement Agreement, in order to avoid further expense as well as burdensome and protracted litigation.

In that Defendant Bridgeport Financial enters into this settlement to buy peace, defendants believe that they cannot justify the expense of additional litigation when compared to the expense of the settlement. There is no admission of liability.

4. **INVESTIGATION:** Counsel for the class has investigated the facts available to counsel and the applicable law. Defendants have cooperated fully with counsel for the class and have made Bridgeport Financial, Inc.'s balance sheet available to counsel for the class, subject to a protective order. Defendants acknowledge that Plaintiff and class counsel have relied on this information in agreeing to this Settlement Agreement.

5. **COMPROMISE:** Plaintiff and the class members desire to settle their claims against Defendants, having taken into account, through their counsel, the risks, delay and difficulties involved in further litigation. Based on the foregoing, and upon an analysis of the benefits which this Settlement Agreement affords the class, counsel for the class considers it to be in the best interest of the class to enter into this Settlement Agreement.

6. In consideration of the foregoing and other good and valuable consideration, Defendants, Plaintiff, and counsel for the members of the class agree that the claims of the Plaintiff and the members of the class against Defendants should be and are compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

**TERMS**

7. **EFFECTIVE DATE:** This Settlement Agreement shall become effective ("Effective Date") upon the occurrence or happening of all of the following events:

   a. The Court's entry of a final Order (1) approving this Settlement Agreement as fair, reasonable and adequate to the class; (2) finding that this Settlement Agreement is made in good faith; and (3) entering an order retaining jurisdiction to enforce the settlement, if necessary.

b. The expiration of five days after the final Order is entered and not subject to appeal, or, if an appeal has been sought, the expiration of five days after the final disposition of any such appeal, which disposition approves the Court's final Order, the transactions contemplated therein, and the consummation of the settlement in accordance with the terms and provisions of this Settlement Agreement.

8. **CLASS MEMBERS:** Class members are defined as follows:

> (i) all persons with addresses in the State of California (ii) to whom collection letters in the form of Exhibit A (attached to the Complaint), (iii) were sent by Bridgeport Financial, Inc., a California Corporation, in an attempt to collect a debt incurred for personal, family, or household purposes (iv) sent during the period of one year prior to the filing of the complaint in this action, June 4, 2004, through June 30, 2006 (v) which letters were not returned undelivered by the United States Postal Service.

The parties have interpreted "in the form of Exhibit A attached to the Complaint" as used above in the class definition to mean letters that were worded as Exhibit A, and that were addressed to California residents and referenced debts owed by these California residents to the creditors identified in the letter.

9. **MONETARY RELIEF TO THE CLASS:** Defendant Bridgeport Financial, Inc. ("Bridgeport") will make the following payments to the class: Bridgeport will pay $341.50, 1% of Bridgeport's net worth, as purported statutory damages pursuant to **15 U.S.C. §1692k(a)(2)(B)(ii)**. Bridgeport will deposit these settlement funds in a separate bank account. Bridgeport will provide said settlement payment to the Legal Services of Northern California for consumer education and representation within 45 days from entry of the Court's Order finally approving this class action settlement unless a notice of appeal has been filed.

10. **Class Settlement Notice.** Bridgeport Financial will pay the costs of mailing the notice to the class members, a National Change Of Address (NCOA) search upon preliminary approval of class settlement. These administration expenses exclude any attorneys' fees.

11. The Class Administrator shall be First Class, 626 South Clark Street, Floor 7, Chicago, IL 60605-1711. Bridgeport Financial will provide a list of class members and their addresses to the class administrator within 30 days of the Court's order preliminarily approving the class settlement. Notice shall be sent within 45 days of the Court's order preliminarily approving the class settlement.

12. Notice will be sent to the class member's last known address as listed in Bridgeport Financial's records, as updated from an NCOA search by the class administrator, unless the class member has informed Bridgeport Financial as of the date of the Court's preliminary approval order that (1) he or she is represented by an attorney, and provided a mailing address for that attorney or (2) that Bridgeport Financial should communicate with a non-attorney third party rather than the class member. If the class member has informed Bridgeport Financial that he or she is represented by an attorney, and provided a mailing address for that attorney, the class notice will be mailed to the attorney's last known address contained in Bridgeport Financial's records, as updated by an NCOA search by the class administrator. If the class member has informed Bridgeport Financial that Bridgeport Financial should communicate with a non-attorney third party, the class notice will be mailed to the class member's last known address contained in Bridgeport Financial's records as updated from an NCOA search by the class administrator.

13. The class notice will be in the general format attached hereto as Exhibit A.

14. **MONETARY RELIEF TO THE NAMED PLAINTIFF:** Bridgeport will pay $2,000 to Plaintiff Rita Camacho as all purported damages, actual and statutory. Said payment will be made to Class Counsel within 45 days from entry of the Court's Order finally approving this class action settlement unless a notice of appeal has been filed.

15. **ATTORNEYS' FEES AND COSTS:** Bridgeport will pay reasonable and necessary attorneys' fees and costs to be determined by the Court absent an agreement by the parties within 40 days after entry of the Court's order awarding fees and/or costs, unless a notice of appeal has been filed. The Motion for Attorneys' Fees and Costs must be filed within 14 days after final judgment is entered by the Court.

16. **RELEASE:** Plaintiff and each class member shall, as of the Effective Date, be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys and employees, from all claims, controversies, liabilities, actions and causes of action which were asserted or could have been asserted in this litigation. This release is conditioned upon the performance by Bridgeport of its obligations toward Plaintiff and the class members as set

forth in this Settlement Agreement. Bridgeport does not release any obligation by any debtor to any Bridgeport client or to Bridgeport.

17. If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used as a limitation on Plaintiff's alleged damages nor an admission of liability by Defendants in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

18. **INDIVIDUAL DEFENDANTS:** Upon Final Approval, Plaintiff will dismiss individual Defendants Christina Harbridge and Lenin Canio.

19. **CLASS MEMBERS' RIGHT OF EXCLUSION:** Any class member can seek to be excluded from this Settlement Agreement and from the class, within the time and in the manner provided by Court Order. Any class member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

20. **PRELIMINARY APPROVAL:** As soon as practicable after execution of this Settlement Agreement, the parties shall apply to the Court for an Order which:

    a. Preliminarily approves this Settlement Agreement.

    b. Schedules a hearing for final approval of this Settlement Agreement by the Court.

    c. Approves the form of notice to the class, to be published as described above.

    d. Finds that mailing of such class notice is the only notice required and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

21. **FINAL APPROVAL:** At the conclusion of the final fairness hearing, the Court will determine whether to enter a Final Order approving the terms of this Settlement Agreement as fair, reasonable and adequate, providing for the implementation of those terms and provisions, finding that the notice given to the class members satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, directing the entry of the Final Order, and retaining jurisdiction to enforce the provisions of this Settlement Agreement.

22. **SETTLEMENT DOCUMENTS:** The parties propose to use a form of notice to the class similar to Exhibit A, a form of proposed Preliminary Order (Exhibit B), and a form of Final

Order (Exhibit C), or ones substantially similar. The fact that the Court may require non-substantive changes in the notice or either order does not invalidate this Settlement Agreement.

23. **OTHER MATTERS:** The parties and their attorneys agree to cooperate fully with one another in seeking court approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein as soon as is reasonably possible.

24. **ENFORCEMENT OF THE SETTLEMENT:** If this settlement agreement is breached, reasonable and necessary attorneys' fees are awardable to the non-breaching party.

25. The foregoing constitutes the entire Agreement between the parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all parties hereto, and approved by the Court.

26. This Settlement Agreement may be executed in counterparts, in which case the various counterparts shall be said to constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement Agreement may be treated as originals.

27. Each and every term of this Settlement Agreement shall be binding upon and inure to the benefit of Plaintiff, the class members, and any of their successors and personal representatives, and shall bind and shall inure to the benefits of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Settlement Agreement.

28. This Settlement Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

Dated: July 6, 2006

By _____
Rita Camacho, individually and on behalf of others similarly situated

Dated: July 3, 2006

THE BERG LAW GROUP

By _____
Irving L. Berg
Attorney for Rita Camacho, individually and on behalf of others similarly situated

-6-

Class Action Settlement Agreement

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: _____ | HORWITZ & HORWITZ & ASSOCIATES |
| 3 | | |
| 4 | | By _____ |
| 5 | | O. Randolph Bragg<br>Attorney for Plaintiff Rita Camacho, individually and on behalf of others similarly situated |
| 6 | Dated: 7-5-06 | BRIDGEPORT FINANCIAL, INC. |
| 7 | | |
| 8 | | By /s/ |
| 9 | | |
| 10 | DSN.10325223.doc | |

-7-

Class Action Settlement Agreement

| | |
|---|---|
| Dated: _____ | HORWITZ & HORWITZ & ASSOCIATES |
| | By **S/ O. Randolph Bragg**<br>O. Randolph Bragg<br>Attorney for Plaintiff Rita Camacho, individually and on behalf of others similarly situated |
| Dated: _____ | BRIDGEPORT FINANCIAL, INC. |
| | By _____ |

DSN.10325223.doc

- 7 -

Class Action Settlement Agreement

CAMACHO V. BRIDGEPORT FINANCIAL
U.S. DISTRICT COURT FOR THE NO.
DISTRICT OF CALIFORNIA
CASE NO.: C 04-478 CRB

**THIS IS TO NOTIFY YOU THAT YOU ARE A CLASS MEMBER IN THE ABOVE CLASS ACTION AND THAT THE PARTIES HAVE REACHED A SETTLEMENT IN THE ABOVE CLASS ACTION. THIS IS NOT A BILL.**

THIS NOTICE EXPLAINS:

A. The lawsuit
B. The settlement.
C. Your right to intervene.
D. Further court proceedings.
E. Additional information.

### A. THE LAWSUIT

A class action lawsuit was filed by Rita Camacho against Bridgeport Financial, Inc., and later amended to include as defendants Christina Harbridge Law and Ray Lewis aka Lenin Canio, in the United States District Court for the Northern District of California alleging violations of the Fair Debt Collection Practices Act.

The Court has made the following rulings: (1) the Class Action Settlement Agreement is preliminarily approved; (2) this case has been certified as a class action ; (3) this notice is to be sent to all members of the Class; (4) the Class through this notice shall be advised of the right to object to the settlement; and (5) you will be bound by the terms and conditions of the settlement.

The Settlement Class is defined as follows:

(i) all persons with addresses in the State of California (ii) to whom collection letters in the form of Exhibit A (attached to the Complaint), (iii) were sent by Bridgeport Financial, Inc., a California Corporation, in an attempt to collect a debt incurred for personal, family, or household purposes (iv) sent during the period of one year prior to the filing of the complaint in this action, June 4, 2004, through June 30, 2006 (v) which letters were not returned undelivered by the United States Postal Service.

The parties have interpreted "in the form of Exhibits A attached to the Complaint" as used above in the class definition to mean letters that were worded as Exhibit A, and that were addressed to then California residents and referenced debts owed by these California residents to the creditors identified in the letter.

### B. THE SETTLEMENT

Plaintiff Rita Camacho and Defendants Bridgeport Financial, Inc., Christina Harbridge Law and Ray Lewis aka Lenin Canio (hereinafter "Defendants") have agreed to settle this case as outlined below. Defendants deny the allegations set forth in the complaint, and this settlement is not an admission of liability or wrongdoing by defendants. Nevertheless, the defendants are willing to enter into the settlement to avoid the further expense and inconvenience of litigation.

#### Potential Recovery

1. Bridgeport Financial will pay the maximum liability under the Fair Debt Collection Practices Act, $341.50, to Legal Services of Northern California for use in consumer education or representation as a *cy pres* fund. **You will receive no money.**

2. Plaintiff Rita Camacho will receive $2,000.00 from Bridgeport Financial.

3. Bridgeport Financial will pay reasonable attorneys' fees and nontaxable costs to Class Counsel, Irving Berg and O. Randolph Bragg as approved by the Court. The application for approval of such reasonable attorneys' fees and nontaxable costs in the amount of approximately $100,000 will be made on _____. A supplemental application for attorneys' fees and costs to be paid by Bridgeport Financial will be made for additional time and expenses incurred, if any. As a class member, you may object to the application for attorneys' fees and costs. Your objection must be filed with the Court no later than _____. You may consult the Docket for more information regarding the application for attorneys' fees and costs. Payment of Plaintiff's attorneys' fees and costs are in addition to this settlement payment.

#### Release of Claims Against the Defendants

If the terms of this Class Settlement are approved by the Court, you release Defendants Bridgeport Financial, Inc., Christina Harbridge Law and Ray Lewis aka Lenin Canio, and their past and present parents, affiliates, subsidiaries, successors, assignees, and its present and former directors, officers, employees or agents, attorneys and insurers, from the claims made in this lawsuit.

### C. YOUR RIGHT TO INTERVENE

You have the right to file an appearance or intervene (participate as a named plaintiff) in this case through your own attorney. However, it is not necessary to appear or intervene. If you do want to intervene or appear through your own attorney, you must do so no later than _____. Otherwise, you will be represented by plaintiff's attorneys at the hearing and all further court proceedings. You will not be charged for this representation.

### D. FURTHER COURT PROCEEDINGS

A Final Fairness Hearing will be held before the Honorable Charles R. Breyer on _____ at 10:00 a.m. in Courtroom 8, U.S. District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, California. At the hearing, Judge Breyer will decide whether the proposed settlement is reasonable, adequate and fair. If the Judge approves it, the settlement will be completed and the distributions paid as stated above. Class members who have filed an objection should appear at the hearing to explain their position.

### E. ADDITIONAL INFORMATION

If you would like more information about this notice or this litigation, you may write the Class Administrator, First Class at:

_____
_____
_____

The court papers filed in this case are available at C 0-478 and for inspection in the Office of the Clerk, U.S. District Court for the Northern District of California U.S. Courthouse, 450 Golden Gate Ave., San Francisco, California 94102.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**

1  Mark E. Ellis - 127159
   June D. Koper - 191890
2  MURPHY, PEARSON, BRADLEY & FEENEY
   701 University Avenue, Suite 150
3  Sacramento, CA  95825
   Telephone:    (916) 565-0300
4  Facsimile:    (916) 565-1636

5  Attorneys for Defendant
   BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE; AND RAY LEWIS aka LENIN
6  CANIO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC.,<br><br>Defendants. | Case No.: C04 0478 CRB<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Date:         August 26, 2006<br>Time:        10:00 a.m.<br>Courtroom:  8, 19th Floor |

This case comes before the Court on the Joint Motion of Plaintiff Rita Camacho, on behalf of herself and the class she represents, and Defendants Bridgeport Financial, Inc., Christina Harbridge, and Ray Lewis aka Lenin Canio (hereinafter, "Defendants" or "Bridgeport") for preliminary approval of the Class Action Settlement Agreement. The Court is fully advised of the following premises of the proposed Class Settlement,:

A.   Plaintiff and Defendant Bridgeport have entered into a Class Action Settlement Agreement ("Settlement Agreement"), attached to the Joint Motion as Exhibit A .

B.   The Settlement Agreement is submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C.   Pursuant to the Settlement Agreement, Bridgeport agrees to certification of a class action as a **Rule 23(b)(2)** class with class notice provided to the class members as described in the

- 1 -

[Proposed] Order Granting Preliminary Approval Of Class Settlement



1  Settlement Agreement by first class mail.

2      D.    Pursuant to the Settlement Agreement, Bridgeport will pay $341.50, 1% of Bridgeport's net worth, as purported statutory damages to Legal Services of Northern California for consumer education or reproduction as a *cy pres* fund.

    E.    Pursuant to the Settlement Agreement, Bridgeport will pay notice costs upon preliminary approval of class settlement.

    F.    Pursuant to the Settlement Agreement, Bridgeport will pay $2,000 to Plaintiff Rita Camacho inclusive of all purported damages, actual and statutory.

    G.    Pursuant to the Settlement Agreement, Bridgeport will pay reasonable attorneys' fees and costs to be determined by the Court, absent an agreement by the parties.

    H.    Pursuant to the Settlement Agreement, Bridgeport will provide the names and addresses of the class members to class counsel.

    I.    Pursuant to the Settlement Agreement, Plaintiff will dismiss all claims against the individual Defendants., Christina Harbridge and Lenin Canio aka Ray Lewin.

    J.    Pursuant to the Settlement Agreement, Plaintiff and each class member shall, as of the Effective Date, be deemed to release and discharge forever Defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys and employees, from all claims, controversies, liabilities, actions and causes of action made in this litigation. This release is conditioned upon the performance by Defendant of its obligations toward Plaintiff and the class members as set forth in the Settlement Agreement. Bridgeport does not release any obligation by any debtor to any Bridgeport client or to Bridgeport.

**IT IS HEREBY ORDERED THAT:**

Pursuant to Rule 23, this case is certified as Rule 23(b)(2) a class action against Bridgeport Financial. The class is defined as follows:

> (i) all persons with addresses in the State of California (ii) to whom collection letters in the form of Exhibit A (attached to the Complaint), (iii) were sent by Bridgeport Financial, Inc., a California Corporation, and Christina Harbridge, Ray Lewis, individuals, in an attempt to collect a debt incurred for personal, family, or household purposes (iv) sent

during the period of one year prior to the filing of the complaint in this action, June 4, 2004, to June 30, 2006; (v) which letters were not returned undelivered by the United States Postal Service.

1.  The parties have interpreted "in the form of **Exhibit A** attached to the Complaint" as used above in the class definition to mean the letter that was worded as Exhibits A, and that were addressed to California residents and referenced debts owed by these California residents to the creditors identified in the letter.

2.  Rita Camacho is appointed as the class representative, and Irving L. Berg and O. Randolph Bragg are appointed as class counsel.

3.  The Class Action Settlement Agreement (<u>Exhibit 1</u>) is preliminarily approved.

4.  The names and addresses of all class members shall be provided by Defendants to Class Counsel.

1.  5.  A Class Notice in a substantially similar form as <u>Exhibit A</u> attached to the Settlement Agreement shall be mailed to each class member as described in the settlement agreement within 60 days of the date of entry of this order.

6.  The Final Fairness Hearing will be conducted before the Honorable Charles R. Breyer, at the U.S. District Court for the Northern District of California, San Jose Division, 450 Golden Gate Avenue, San Francisco, California, in Courtroom 8 on _____, 2006, at 10:00 am.. (The parties suggest the date be at least 3 months after the entry of this order.)

7.  Barring an agreement between the parties, Plaintiff shall file a motion for an award of costs and reasonable attorneys' fees no later than 14 days after final judgment has been entered, after final approval of class settlement.

DATE:_____

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

DSN.10325242.doc

- 3 -

[Proposed] Order Granting Preliminary Approval Of Class Settlement

```
1  Mark E. Ellis - 127159
   June D. Koper -191890
2  MURPHY, PEARSON, BRADLEY & FEENEY
   701 University Avenue, Suite 150
3  Sacramento, CA 95825
   Telephone:   (916) 565-0300
4  Facsimile:   (916) 565-1636

5  Attorneys for Defendant
   BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE; AND RAY LEWIS aka LENIN
6  CANIO
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC.,<br><br>Defendants. | Case No.: C04 0478 CRB<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT** |

This cause came before the Court on the Joint Application for Certification of Settlement Class and Preliminary Approval of Class Settlement, which this Court granted. Notice was given in accordance with that Preliminary Approval Order. The parties now come before the Court in a joint application for final approval of the class settlement. A hearing was conducted on August 26, 2006, at which the Plaintiff and the class were represented by Irving L. Berg, Esq. and June D. Koper, Esq. of Murphy, Pearson, Bradley & Feeney appeared on behalf of defendants. The Court has reviewed any objection to the class settlement it received, if any were received, and gave opportunity for oral objection during the hearing. Having reviewed and considered the briefing submitted by the Court, the settlement agreement, and any and all objections thereto, the Court finds:

A. Plaintiff and Defendants entered into a Class Action Settlement Agreement ("Settlement Agreement"), that was preliminary approved by the Court on _____.

- 1 -

[Proposed] Granting Final Approval Of Class Settlement

EXHIBIT C

B. The Settlement Agreement has been submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

C. Notice to the class in a form approved by the Court when the Court granted preliminary approval, was provided in accordance with the Court's Preliminary Approval Order.

D. Pursuant to the Settlement Agreement, Bridgeport Financial, Inc. will pay $341.50 as purported statutory damages to Legal Services of Northern California for use in consumer education or representation as a *cy pres* fund. Such funds will be sent to Legal Services of Northern California within 45 days from the date of this order.

F. Pursuant to the Settlement Agreement, Bridgeport Financial, Inc. will pay $2,000 to Plaintiff Rita Camacho inclusive of all purported damages, actual and statutory.

G. Pursuant to the Settlement Agreement, Bridgeport Financial, Inc. will pay reasonable and necessary attorneys' fees and costs to be determined by the Court absent an agreement by the parties. Plaintiff shall file and serve a Motion for Attorneys' fees within 14 days of this Court enters a final judgment, and plaintiff will set the Motion for hearing thirty-five (35) days thereafter or such later date as is convenient with the Court's calendar.

H. The Court has been advised about all objections to the Settlement Agreement or motions to intervene that have been received.

**IT IS HEREBY ORDERED THAT:**

1. The Court grants the parties' joint request for final approval of the Class Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for plaintiff and defendants and that the terms of the Settlement Agreement are fair, reasonable, and adequate to plaintiff and all members of the classes. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

2. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement, was appropriate under the circumstances, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. Plaintiff Rita Camacho and the class members are forever barred and enjoined from initiating or further prosecuting in any forum whatsoever, including but not limited to any federal, state, or foreign court against defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys and employees, any and all claims, controversies, liabilities, actions and/or causes of action made in this litigation. This release is conditioned upon the performance by Defendant Bridgeport of their obligations toward Plaintiff and the class members as set forth in the Settlement Agreement and detailed above. Any and all obligations by any debtor to any Bridgeport Financial, Inc. client or to Bridgeport Financial, Inc. are specifically not released.

4. Within forty-five (45) days of the date of entry of this Order, Bridgeport Financial, Inc. shall pay (a) $2,000 to Plaintiff Rita Camacho inclusive of all purported damages, and (b) $341.50 to Legal Services of Northern California as described above and in the Settlement Agreement.

5. Plaintiff's counsel shall file an application for an award of attorneys' fees no later than 14 days after this Court enters a final judgment in this matter, to be noticed and heard within thirty five (35) days thereafter or such later date as is convenient with the Court's calendar.

6. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of this Order.

DATE:_____

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

DSN.10325253.doc