November 13, 2006

The Honorable Maria-Elena James
United States Magistrate Judge
United States District Court, San Francisco Division
450 Golden Gate Ave.
San Francisco, CA 94102

    Re: **Camacho v. Bridgeport Financial, Inc.**   Requests for Production of Documents
         **Case No. C 04-0478 CRB**

Dear Judge James:

    Pursuant to Standing Order Re:: Discovery and Dispute Procedures for Cases Assigned or Referred to Magistrate Judge Maria-Elena James, the parties submit the following regarding disputed discovery matters.

    (1)    Prior to the filing of this joint letter the parties met and conferred in person for the purpose of resolving these discovery disputes. On August 24, 2006, Plaintiff's Counsel O. Randolph Bragg conducted a meet and confer conference with Defendants Attorney June Coleman during which the attorneys discussed the parities' respective positions but were unable to resolve the discovery disputes. On October 20, 2006, Plaintiff's Counsel Irving L. Berg met in person and conducted a meet and confer conference with Defendants Counsel June Koper during which the attorneys discussed the parities' respective positions but were unable to resolve the discovery disputes.

    (2)    This litigation arises forth the Defendant's violations of the Fair Debt Collection Practices Act 15 U.S.C. §§ 1692 *et seq* ("FDCPA"). Both this Court the U.S. Court of Appeals for the Ninth Circuit held that the Defendant violated the FDCPA by failing to provide the validation notice as required by the Act. *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078 (9th Cir. 2005). This decision did not resolve potential affirmative defenses. The parties have entered in to a settlement agreement whereby Defendant Bridgeport Financial will pay the maximum amount of statutory damages of $1000 to Plaintiff Rita Camacho and 1% of its net worth $341.50 as a cy pres recovery to a nonprofit organization for consumer representation and education and attorneys fees as determined by the court. Plaintiff has propounded discovery to Defendant for the amount of time and money expended in the defendants of this litigation.

    Specifically, Plaintiff has served Requests for Production of Documents, attached hereto, on the Defendant asking:

    1.    All documents relating to qualifications of attorneys who Defendants have consulted regarding this case.

    2.    All documents relating to the total amounts paid all attorneys who Defendants have consulted regarding this case.

    3.    All billing records relating to all attorneys who Defendants have consulted regarding this case.

Response:    Objection. This request is vague and ambiguous, and lacks foundation. This request is irrelevant and not likely to lead to discovery of admissible evidence in that the fees incurred by defendants bears no relation to the fees incurred by plaintiff. This request is meant to harass defendants. This request seeks to invade financial privacy as protected by the federal and California constitution. This request is overly burdensome and oppressive. This request is merely an attempt to increase attorneys' fees incurred by plaintiff. This request seeks attorney client communications and attorney work product. Responsive documents would include invoices dated during the pendency of this case.[1]

(3)    Defendant objects to Plaintiff's written discovery primarily on the ground the that the discovery sought is "irrelevant."

Plaintiff's Position and Supporting Authority:

"Pertinent to any consideration of a reasonable amount of time expended in the prosecution of a law suit is the amount of time expended by the defendant in defending that law suit." *Mitroff v. Xomox Corp.*, 631 F.Supp. 25, 28 (S.D. Ohio 1985). "The rate and hours expended by opposing counsel are often probative of the reasonableness of attorney fees for prevailing counsel." *Duchscherer v. W.W. Wallwork, Inc.*, 534 N.W.2d 13, 19 (N.D. 1995). The U.S. District Court for the Northern District of California has stated:

The number of hours recorded by defendant's lawyers in pursuing questions in this

---

[1] The response to Request No. 1 including an objection that the qualification documents sought were equally available on the www.mpbf.com website. "Qualifications" as used in Request No. 1 is vague and ambiguous. This open ended request really has no bounds. Is it necessary for defense counsel to provide every document setting forth its attorney's "qualifications"? In addition to the webpages, this would include marketing material provided to clients; CV's provided to parties in cases in which Mr. Ellis acted as an arbitrator or expert; biographical information provided to organizations in front of which Mr. Ellis or Ms. Coleman spoke; newspaper articles, magazines, or other publications; and even correspondence (including e-mails) to clients and others in which Mr. Ellis or Ms. Coleman referenced their experience, assuming experience is a "qualification." And without any reference to time, the resources it would take to research, identify, and gather these documents would be monumental. Who could possibly remember each instance in which an attorney would preface an opinion with a reference to the attorney's experience? The information that was contained on www.mpbf.com set forth Mr. Ellis's and Ms. Coleman's educational background and experience as an attorney, articles written and presentations provided, as well as representative decisions, representative clients, practice areas, and affiliations. What other information or "qualifications" would be relevant to plaintiff's inquiry? Defendant provided the location of a public, equally available document which fulfilled plaintiff's request and provided plaintiff with the information sought, without invading attorney-client communications or overly burdening defendant in a case that resulted in a recovery of less than $1,350. Moreover, the same qualifications used in the past, are also contained in earlier declarations filed in other cases on which Mr. Bragg was plaintiff's counsel, such as the declaration filed in the **Johnson v. Credit International** case, case no. C-03-100 SC (N.D. Cal.) docket no 44. This Court should not compel further responses.

case certainly has some tendency to make more or less probable the plaintiff's contention on this factor. Moreover, "each party must prepare to question the same witnesses, must review the same documents and other evidence, and must anticipate a presentation by the opposition of a complexity related to the facts in issue. Similarly, work on pretrial motions would reflect what volume of work opposing attorneys deemed reasonable." Stastny v. Southern Bell Telephone & Telegraph Co., 77 F.R.D. 662, 663-64 (W.D.N.C. 1978). Thus the hours spent on this case, whether it be by the plaintiff's counsel or the defendant's counsel, is relevant information."

Real v. Continental Group, 116 F.R.D. 211, 213 (N.D. Cal. 1986). "[A] defendant who has required a plaintiff to expend substantial time in responding to multiple motions can hardly be heard to complain at the time expended therefor." Mitroff v. Xomox Corp., supra at 28. "The defendant must provide information as to the number of hours that each attorney (private and house counsel) spent on this case. They should also include on what matters the time was spent." Stastny v. Southern Bell Tel. & Tel. Co., 77 F.R.D. 662, 664 (W.D.N.C. 1978). Also, see: Naismith v. Professional Golfers Ass'n, 85 F.R.D. 552, 562 (N.D. Ga. 1979) (defendant's "hours are at least minimally relevant.") "[A] defendant who has required a plaintiff to expend substantial time in responding to multiple motions can hardly be heard to complain at the time expended therefor." Mitroff v. Xomox Corp., supra at 28.

The U.S. Supreme Court has observed that a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent" overcoming its vigorous defense. City of Riverside v. Rivera, 477 U.S. 651, 580, n.11 (1986), quoting Copeland v. Marshall, 205 U. S. App. D. C. 390, 414, 641 F.2d 880, 904 (1980) (en banc). The U.S. Court of appeals for the Second Circuit wrote:

> There may be instances when district courts will want to consider -- among the myriad of other factors -- the fees charged by opposing counsel. Cf. Taylor v. Scarborough, 66 F.2d 589, 591 (2d Cir. 1933) (in attorney's suit for lien for services rendered, opposing counsel's fees were persuasive though not conclusive). But here, what the Plan's counsel charged was irrelevant for calculating a reasonable fee for Chambless' attorneys, and it was not an abuse of the district court's discretion to decline to match appellant's attorney's fees to those of his adversaries.")

Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1059 (2d Cir. 1989). While the Eleventh Circuit has held:

> [W]e have also held that in special circumstances it is an abuse of discretion for a judge to refuse to allow discovery of the hours spent by defense counsel. See Henson v. Columbus Bank & Trust Co., 770 F.2d 1566, 1571-72 (11th Cir.1985) (trial court abused its discretion by refusing discovery of hours spent preparing a defense where litigation continued for 10 years and the judge expressed doubt as to the reasonableness of the hours claimed in plaintiff's petition for fees). In the present case the trial judge reduced plaintiffs' award because of inadequate records. We find that, given the uncertainty which prevailed concerning the number of hours claimed by plaintiffs in their fee petition, the court abused its discretion by not allowing discovery of the number of hours expended preparing the School Board's defense of the lawsuit.

3

*Gaines v. Dougherty County Bd. of Ed.*, 775 F.2d 1565, 1571 n.12 (11th Cir. 1985).

The Honorable Judge Alsup of the Northern District of California has required the opposing party to provide attorney fee records to the applicant before an attorney fee dispute necessitates court intervention. "If the opponent contends that any item or project was excessive, then the opposition must explain why and provide a declaration setting forth completely all time expended *by the opposing party* on the same and on similar projects ... If any billing rates are challenged, then the opposition must state the billing rates charged to the opposing party for all professionals representing the opposing party in the case and their experience levels." See Paragraph 12, Alsup Guidelines For Attorney's Fees Motions, May 20, 2001, (emphasis in original).

At least one U.S. District Court's Local Rules requires that the opposing party's attorneys fee records be provided to the applicant with regard to an attorneys fee dispute. See Local Rule 54.3 of the U.S. District Court for the Northern District of Illinois, subsection (d)(5).

Defendant's Position and Supporting Authority:

A district court has "wide latitude in controlling discovery." (**California v. Campbell** (9th Cir. 1998) 138 F.3d 772, 779.) The decision whether to allow discovery of information regarding fees and expenses of opposing counsel is generally considered to be within the discretion of the district court. (**Ohio-Sealey Mattress Mfg. Co. v. Sealy, Inc.** (7th Cir. 1985) 776 F.2d 646, 659; accord **Chambless v. Masters, Mates & Pilots Pension Plan** (2d Cir. 1989) 885 F.2d 1053, 1059-60; **Hernandez v. George** (10th Cir. 198) 793 F.2d 264, 268; **In re Fine Paper Anti Trust Litig.** (3d Cir. 1984) 751 F.2d 562, 587.) As the Court in **Martinez** explained:

> Motions for attorney's fees are consuming an increasing amount of court and attorney time because of the detailed scrutiny which *Ramos* requires. **While such scrutiny may be justified in massive public interest lawsuits where large awards are contemplated, in uncomplicated cases which take little trial time the district court normally has a reasonably good idea of the amount of attorney's fees which will fairly compensate a party for the extent, quality and success of his lawyer's work**.

(**Martinez v. Schock Transfer and Warehouse Co.** (10th Cir. 1986) 789 F.2d 848, fn* (emphasis added; citations omitted).)

The amount of hours that is needed by one side to prepare adequately may differ substantially from that which opposing counsel needs, since the nature of the work may vary dramatically. (**Johnson v. University College of Univ. Of Ala. In Birmingham** (11th Cir. 1986) 706 F.2d 1205, 1208.) The Seventh Circuit explained:

> Petitioner also claims that the attorneys for GMAC were paid over $30,000 and that this amount is indicative of what he should be paid. ... This circuit has held that it is an abuse of discretion to determine attorney's fees solely on the basis of hours spent times billing rate. **Petitioner wants us to go a step further and award him a fee based on what the opposing side spent in time and money. This ignores the fact that a given case may have greater precedential value for one side than the other. Also, a plaintiff's attorney, by pressing questionable claims and refusing to settle except on outrageous terms, could force a defendant to incur substantial fees which he later uses as a basis for his**

**own fee claim. Moreover, the amount of fees which one side is paid by its client is a matter involving various motivations in an on-going attorney-client relationship and may, therefore, have little relevance to the value which petitioner has provided to his clients in a given case.**

(**Mirabal v. General Motors Acceptance Corp.** (7th Cir. 1978) 576 F.2d 729, 731 (emphasis added; citations omitted); accord **Migis v. Pearle Vision, Inc.** (5th Cir. 1998) 135 F.3d 1041, 1064 ("This case certainly appears to be a classic example of the 'tail (attorney's fees) wagging the dog (the merits).'"); **Chabner v. United of Omaha Life Ins. Co.** (N.D. Cal. 1999) 1999 WL 33227443, *3 (same); **Johnson v. Credit Int'l, Inc.**, slip op., case no. C-03-100 SC (N.D. Cal. May 10, 2005) (FDCPA action) (docket no. 57).)

In **Samuel v. University of Pittsburgh** (W.D. Penn. 1978) 80 F.R.D. 293, set forth reasons why the defense counsel's billings are irrelevant:

> Finally, once the court accepts the computation of opposing counsel's hours as a referent, it would be forced to determine whether those hours were "reasonably" related to the matter at bar. ... **In our judgment, the number of hours required by opposing counsel to defend a claim has little relevance to the reasonableness of the number of hours which plaintiffs' counsel devoted to pursuing a cause of action on behalf of a plaintiff in a given case. ¶ It has been this writer's experience that the number of pre-trial hours which are required to represent a defendant in a civil case greatly exceed the pre-trial time required to represent a plaintiff.** ...

(*Id.* at 294 (emphasis added).)

As these authorities demonstrate, there simply is no relevance between the hours incurred by defendants (and thus the fees incurred by defendants[2]), and those reasonably incurred by plaintiff. This is a simple case, with little litigation activity. After minimal litigation as described in the letter regarding requests for admissions, the case settled for $1,000 to plaintiff and $341.50 to a non-profit organization. Simply put, there is no relation to the time, and thus fees, incurred by plaintiff and that incurred by defendants. Moreover, if this Court compels production of invoices, defendant requests permission to redact privileged attorney-client communications and attorney product.

Respectfully submitted,

_____  
Irving L. Berg  
Attorney for Plaintiff

_/s/ June D. Coleman_  
June D. Coleman  
Attorney for Defendant

---

[2] Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (**Johnson by Johnson v. Thompson** (10th Cir. 1992) 971 F.2d 1487, 1497; **DeMasi v. Weiss** (3d Cir. 1982) 669 F.2d 114, 119-20.) And it almost is not necessary to point out that resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. (**Perry v. State Farm Fire & Cas. Co.** (11th Cir. 1984) 734 F.2d 1441, 1447; Rubin v. Regents of Univ. of Cal. (N.D. Cal. 1986) 114 F.R.D. 1, 2.) Here, given the non-existent relevancy of the fees incurred, the financial privacy outweighs the so-called "need" for discovery.

# EXHIBIT C

# BRIDGEPORT FINANCIAL'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENT SET NO. TWO

Mark E. Ellis - 127159
June D. Koper - 191890
MURPHY, PEARSON, BRADLEY & FEENEY
701 University Avenue, Suite 150
Sacramento, CA 95825
Telephone:   (916) 565-0300
Facsimile:    (916) 565-1636

Attorneys for Defendant
BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE LAW; AND LENIN CANIO aka R. LEWIS

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC.,<br><br>Defendants. | Case No.: C04 0478 CRB<br><br>**BRIDGEPORT FINANCIAL'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET NO. TWO** |

**PROPOUNDING PARTY: PLAINTIFF RITA CAMACHO**

**RESPONDING PARTY:    DEFENDANT BRIDGEPORT FINANCIAL, INC**

**SET NUMBER:               TWO**

Defendant BRIDGEPORT FINANCIAL, INC hereby responds to RITA CAMACHO, on behalf of herself and all others similarly situated as follows:

### GENERAL OBJECTIONS

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not fully completed its discovery in this action, and has not completed its preparation for the trial. All the responses contained herein are based upon such information and documents which are presently available and specifically known to this responding party. The following responses are given without prejudice to responding party's right to produce any

1  subsequently discovered responsive documents or materials. Responding party accordingly reserves
2  the right to change any and all answers herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1**

Please produce all documents regarding any claim made by Defendants against any third party for malpractice, indemnification, or other basis.

**RESPONSE NO. 1**

Objection. This request is not likely to lead to the discovery of admissible evidence. This request also invades third party privacy, and is overly broad, lacks relevance, and is harassing. This interrogatory seeks to invade attorney-client communications. Notwithstanding these objections, and without waiving these objections, responding party responds as follows: Responding party has made a diligent search for the documents or things demanded and a reasonable inquiry in an effort to comply with this demand. Responding party is unable to locate the documents demanded, and to the best understanding of responding party, these documents have never existed.

Dated: May 1, 2006

MURPHY, PEARSON, BRADLEY & FEENEY

By _____
June D. Koper
Attorneys for Defendant
BRIDGEPORT FINANCIAL, INC.; CHRISTINA HARBRIDGE LAW; AND LENIN CANIO aka R. LEWIS

FDW.10319353.doc

BRIDGEPORT FINANCIAL'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET NO. TWO

# CERTIFICATE OF SERVICE

I, June D. Koper, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 701 University Avenue, Suite 150, Sacramento, CA 95825.

On May 1, 2006, I served the following document(s) on the parties in the within action:

**DEFENDANT BRIDGEPORT FINANCIAL, INC RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET NO. TWO**

| | |
|---|---|
| XX | **BY MAIL:** I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at Sacramento, CA on this date, addressed as follows: |

Irving L. Berg                                      Attorney For Plaintiff
The Berg Law Group                                  RITA CAMACHO
433 Town Center, PMB 493
Corte Madera, CA  94925

O. Randolph Bragg                                   Attorney For Plaintiff
Horwitz, Horwitz & Associates
25 East Washington Street, Suite 900
Chicago, IL  60602

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on May 1, 2006.

By _____
June D. Koper

- 3 -

BRIDGEPORT FINANCIAL'S RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS SET NO. TWO