Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
433 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Fax)

Attorneys for Plaintiff RITA CAMACHO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC.,<br><br>    Defendants. | Case No.: C04 0478 CRB<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT<br><br>**Date:** November 17, 2006<br>**Time:** 10:00 a.m.<br>**Place:** Courtroom 8, 19th Floor<br>**Judge:** Honorable Charles R. Breyer |

This cause came before the Court on the Joint Application for Certification of Settlement Class and Preliminary Approval of Class Settlement, which this Court granted. Notice was given in accordance with that Preliminary Approval Order. The parties now come before the Court in a joint application for final approval of the class settlement. A hearing was conducted on November 17, 2006, at which the Plaintiff and the class were represented by Irving L. Berg, Esq. and June D. Koper, Esq. of Ellis Coleman Poirier La Voie & Steinheimer appeared on behalf of defendants. The Court has reviewed any objection to the class settlement it received, if any were received, and gave opportunity

for oral objection during the hearing. Having reviewed and considered the briefing submitted by the Court, the settlement agreement, and any and all objections thereto, the Court finds:

    A.    Plaintiff and Defendants entered into a Class Action Settlement Agreement ("Settlement Agreement"), that was preliminary approved by the Court on August 28, 2006.

    B.    The Settlement Agreement has been submitted to the Court for approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

    C.    Notice to the class in a form approved by the Court when the Court granted preliminary approval, was provided in accordance with the Court's Preliminary Approval Order.

    D.    Pursuant to the Settlement Agreement, Bridgeport Financial, Inc. will pay $341.50 as purported statutory damages to Legal Services of Northern California for use in consumer education or representation as a *cy pres* fund. Such funds will be sent to Legal Services of Northern California within 45 days from the date of this order.

    F.    Pursuant to the Settlement Agreement, Bridgeport Financial, Inc. will pay $1,000 to Plaintiff Rita Camacho inclusive of all purported damages, actual and statutory.

    G.    Pursuant to the Settlement Agreement, Bridgeport Financial, Inc. will pay reasonable and necessary attorneys' fees and costs to be determined by the Court absent an agreement by the parties. Plaintiff shall file and serve a Motion for Attorneys' fees within 14 days of this Court enters a final judgment, and plaintiff will set the Motion for hearing thirty-five (35) days thereafter or such later date as is convenient with the Court's calendar.

    H.    The Court has been advised about all objections to the Settlement Agreement or motions to intervene that have been received.

**IT IS HEREBY ORDERED THAT:**

    1.    The Court grants the parties' joint request for final approval of the Class Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for plaintiff and defendants and that the terms of the Settlement Agreement are fair, reasonable, and adequate to plaintiff and all members of the classes. In addition to the other factors stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate, and reasonable in light of the risk of establishing liability and damages, and the expense of further litigation.

2. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement, was appropriate under the circumstances, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution, and any other applicable law.

3. Plaintiff Rita Camacho and the class members are forever barred and enjoined from initiating or further prosecuting in any forum whatsoever, including but not limited to any federal, state, or foreign court against defendants and their heirs, current and former officers, directors, successors, predecessors, executors, administrators, assigns, shareholders, affiliated companies, insurers, attorneys and employees, any and all claims, controversies, liabilities, actions and/or causes of action made in this litigation. This release is conditioned upon the performance by Defendant Bridgeport of their obligations toward Plaintiff and the class members as set forth in the Settlement Agreement and detailed above. Any and all obligations by any debtor to any Bridgeport Financial, Inc. client or to Bridgeport Financial, Inc. are specifically not released.

4. Within forty-five (45) days of the date of entry of this Order, Bridgeport Financial, Inc. shall pay (a) $1,000 to Plaintiff Rita Camacho inclusive of all purported damages, and (b) $341.50 to Legal Services of Northern California as described above and in the Settlement Agreement.

5. Plaintiff's counsel shall file an application for an award of attorneys' fees no later than 14 days after this Court enters a final judgment in this matter, to be noticed and heard within thirty five (35) days thereafter or such later date as is convenient with the Court's calendar.

6. Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of this Order.

DATE: November 17, 2006

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE



DSN.10325253.doc

- 3 -

[Proposed] Granting Final Approval Of Class Settlement