Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, No. 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

O. Randolph Bragg (Ill. Bar # 6221983)
Craig M. Shapiro (Ill. Bar # 6284475)
HORWITZ, HORWITZ & ASSOCIATES, LTD.
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Fax)
rand@horwitzlaw.com
craig@horwitzlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPORT FINANCIAL, INC., a California Corporation, and CHRISTINA HARBRIDGE, RAY LEWIS, individuals,<br><br>Defendants. | **Case No.: C 04- 0478 CRB**<br><br>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES<br><br>**Date: January 5, 2007**<br>**Time: 10:00 a.m.**<br>**Court room No. 8, 19th Floor**<br>**Honorable Charles R. Breyer** |

**MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR
AN AWARD OF COSTS AND ATTORNEY FEES**

**I.     PROCEDURAL HISTORY**

On April 18, 2004, Plaintiff Rita Camacho filed her First Amended Complaint alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA"). Docket # 14.

This Court denied Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Defendants appealed the Court's decision to the United

1

States Court of Appeals for the Ninth Circuit, who affirmed this Court's decision on December 12, 2005. <u>Camacho v. Bridgeport Financial, Inc.</u>, 430 F.3d 1078 (9th Cir. 2005).

On March 24, 2006, this Court granted Plaintiff's Motion for Class Certification. Docket # 98. On November 17, 2006, this Court granted final approval of class settlement. Docket # 122.

A more detailed account of the procedural history of this case, including Defendants' many failed attempts to thwart Plaintiff's claims, may be found in Declaration of Irving L. Berg in Support of Attorney's Fees and Costs for Class Representation, pp. 2-5.

**II. STATEMENT OF FACTS**

In this litigation, Plaintiff Rita Camacho was represented by three attorneys with distinct roles. Irving L. Berg was her personal attorney acted as local counsel. O. Randolph Bragg was lead counsel, responsible for all class and merits issues, and contributed to opposing Defendant's appeal. Richard J. Rubin was chiefly responsible opposing Defendant's appeal and participated alone in the oral argument before the Ninth Circuit. Additionally, it is noteworthy that Defendant necessitated two attorneys to appear on its behalf in this case.

Mr. Berg expended 132.1 hours in representation of Plaintiff. <u>See</u> <u>Exhibit A</u> to Declaration of Irving L. Berg in Attorney's Fees and Costs, filed separately. The reasonable hourly rate for an attorney of Mr. Berg's experience is $425.00 per hour. Declaration of Irving L. Berg, pp. 5-6. <u>See also</u> Declaration of Irving L. Berg in Support of Attorney's Fees and Costs – Consumer Law Experience. An amount totaling $56,142.50 is sought as attorney fees for Mr. Berg's representation of Plaintiff. <u>Exhibit A</u> to Declaration of Irving L. Berg. Mr. Berg's firm expended $192.41 in costs and litigation expenses in the prosecution of this action. <u>Exhibit A</u> to Declaration of Irving L. Berg.

Ms. Camacho was also represented by O. Randolph Bragg of Horwitz, Horwitz & Associates, Chicago, Illinois. Mr. Bragg expended 156.5 hours in representation of Plaintiff. See Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees, ¶ 11. The reasonable hourly rate for Mr. Bragg is $465.00 per hour. ¶ 14. An amount totaling $72,772.50 is sought as attorney fees for Mr. Bragg's representation of Plaintiff. ¶ 16. Mr. Bragg's law clerk, Craig M. Shapiro, spent 13.0 hours on this litigation. ¶ 12. Mr. Shapiro's hourly rate is $115.00 per hour. ¶ 15. The lodestar for Mr. Shapiro's services is $1,495.00.¶ 17. Mr. Bragg's paralegal Shannon Carter spent 1.0 hours on this litigation.[1] ¶ 13. Ms. Carter's hourly rate is $115.00 per hour. ¶ 15. The lodestar for Ms. Carter's services is $115.00 ¶ 18. The total fees for Mr. Bragg's firm is $74,382.50. His firm expended $5,823.71 in costs and litigation expenses in the prosecution of this action. ¶ 19.

Ms. Camacho was also represented by Richard J. Rubin, lead counsel in opposition to Defendants' appeal of this Court's denial of their Motion to Dismiss, which was affirmed by the Ninth Circuit. Mr. Rubin expended a total of 60.2 hours on behalf of Plaintiff, inclusive of his time spent on this fee application. See ¶ 6 An itemized account is contained in Exhibit A to Declaration of Richard J. Rubin in Support of Attorney's Fees and Costs, filed separately. The hourly rate for the services provided by Richard J. Rubin is $500.00 per hour. ¶ 5. The reasonable attorney fee for the services of Richard J. Rubin in this matter is $30,100.00. Mr. Rubin incurred costs and litigation expenses of $793.24 in prosecution of this matter. ¶ 7.

Plaintiff Rita Camacho seeks an award of attorney fees totaling $160,625.00 and costs and litigation expenses of $6,809.36.

---

[1] Ms. Carter also spend 1.0 hours of unbilled time on this litigation.

## III. STATEMENT OF QUESTION PRESENTED

Is Plaintiff Rita Camacho entitled to an award of costs and reasonable attorney fees?

Plaintiff respectfully submits that this question should be answered in the affirmative.

## IV. ARGUMENT

### A. PLAINTIFF RITA CAMACHO WAS SUCCESSFUL IN THIS ACTION.

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney's fees to a successful consumer.

> [a]ny debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989). "Under the FDCPA, the prevailing plaintiff is entitled to `a reasonable attorney's fee as determined by the court.' 15 U.S.C. §1692k(a)(3). Such an award is mandatory under the FDCPA." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted). As the prevailing party in this case, Ms. Abad is entitled to an award of costs and reasonable attorney's fees. *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996).

Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award

4

of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  See also *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990). Plaintiff Rita Camacho was the prevailing party in this litigation. Indeed, Ms. Camacho has obtained a favorable settlement in which she will be paid $1,000.00, the maximum amount allowable by the FDCPA. 15 U.S.C. § 1692k(a)(2)(B)(i). Additionally, Ms. Camacho obtained, on behalf of the class, a *cy pres* award of $341.50 to be paid to Legal Services of Northern California for use in consumer education or representation. Defendants must also pay Ms. Camacho's costs and attorney fees. Docket # 122.

**B.  FEES IN THE FULL LODESTAR AMOUNT SHOULD BE AWARDED BECAUSE PLAINTIFF PREVAILED TO THE FULLEST EXTENT ALLOWED UNDER THE FDCPA.**

Plaintiff seeks an award of attorney fees based upon the lodestar formula.  Defendants may, however, suggest that a lesser amount is appropriate.

**1.  Plaintiff's Attorneys Are to be Awarded Fees Pursuant to the Lodestar Formula**

The U.S. Supreme Court has explained the calculation for an award of attorney's fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983). See also *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here.  "The standards set forth in this opinion are generally

applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.'" Id. 103 S. Ct. at 1939, n.7.  "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)).  The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995).

Three attorneys, each with distinct roles, represented Plaintiff and the class in this lawsuit. The personal attorney for Ms. Camacho was Irving L. Berg. Mr. Berg, as local counsel, was responsible for assuring compliance with Local Rules and local practice as well as making appearances before the Court. O. Randolph Bragg was lead counsel and primarily responsible for both the class and merits issues as well as the appeal of the litigation. Richard J. Rubin participated in the opposition to Defendant's appeal to the United States Court of Appeals for the Ninth Circuit, bringing his extensive experience in consumer-related federal appellate practice. See Declaration of Richard J. Rubin, ¶¶ 2-4.

Plaintiff's attorney O. Randolph Bragg expended 156.5 hours during the course of this litigation.  This amount of time is reasonable.  The reasonable hourly rate for an attorney with Mr. Bragg's experience in this type of litigation is $465.00 per hour. ¶¶ 1-9, Declaration of O. Randolph Bragg in Support of Plaintiff's Motion for an Award of Costs and Attorney Fees; Declaration of Mark A. Chavez Regarding Hourly Rates; Declaration of James C. Sturdevant in Support of Plaintiff's Motion for An Award of Costs and Attorney Fees See *Defenbaugh v. JBC & Associates, Inc.*, 2004 U.S.Dist.LEXIS 16256, *20 (N.D.Cal., Aug. 16, 2004), awarding Mr. Bragg attorney fees at $435/hour two

years ago. This is the prevailing market rate in this type of representation. <u>Blum v. Stenson</u>, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).   The lodestar calculation for the efforts of O. Randolph Bragg in this litigation is $ 72,772.50. Mr. Bragg's associate, Craig M. Shapiro, expended 3.2 hours as an associate attorney. Mr. Bragg has chosen not to seek attorney fees for his time as an associate attorney. However, Mr. Shapiro, prior to being admitted to practice law, was Mr. Bragg's law clerk and expended 13.0 hours in this litigation. The billing rate for Mr. Shapiro as Mr. Bragg's law clerk is $115.00 per hour. The lodestar calculation for the efforts of Mr. Shapiro as Mr. Bragg's law clerk is $1,495.00. Mr. Bragg's paralegal Shannon Carter spent 1.0 hours on this litigation.  The standard billing rate for Ms. Carter's services is $115.00 per hour.  The lodestar calculation for the efforts of Ms. Carter in this litigation is $115.00.  The total attorney fees for Mr. Bragg's firm is $74,382.50.  Mr. Bragg's firm also incurred $5,823.71 as costs and expenses of this litigation.

Irving Berg's time in this litigation totaled 132.10 hours.  This amount of time is reasonable.  The standard hourly rate of $425.00 charged by Mr. Berg is appropriate for an attorney of Mr. Berg's experience in this type of litigation. <u>See</u> Declaration of Irving L. Berg in Support of Attorney's Fees – Consumer Law Experience; Declaration of Mark A. Chavez; Declaration of James C. Sturdevant.  The lodestar calculation for the efforts of Irving Berg in this litigation is $56,142.50.  Mr. Berg's firm also incurred $192.41 as costs and expenses of this litigation.

Richard J. Rubin's time in this litigation, including time spent on this motion, totaled 60.2 hours.  This amount of time is reasonable.  The standard hourly rate of $500.00 charged by Mr. Rubin is appropriate for an attorney of Mr. Rubin's experience in this type of litigation. <u>See</u> ¶¶ 2-4 and <u>Exhibit A</u> of Declaration of Richard J. Rubin;  Declaration of Mark A. Chavez; Declaration of

James C. Sturdevant. The lodestar calculation for the efforts of Mr. Rubin in this litigation is $30,100.00. Mr. Rubin also incurred $793.24 as costs and expenses in connection with attending the oral argument before the Ninth Circuit.

Thus, the total lodestar calculation for the award of attorney fees to Plaintiff in this matter totals $160,625.00. Plaintiff's costs and litigation expenses total $6,809.36.

### 2. Previously Established Rates Are Appropriate For Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under section 1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." *Blum v. Stenson*, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted). "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." *Tolentino v. Friedman*, 46 F.3d 645, 652-653 (7th Cir. 1995).

### 3. The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the plaintiff is successful, *i.e.*, recovers more than nominal damages, the plaintiff should be awarded attorney fees pursuant to a lodestar calculation.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under section 1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." *City of Riverside v. Rivera*, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted). Also see:

*Quaration v. Tiffany & Co.*, 166 F.3d 422 (2d Cir. 1999); *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997). The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney's fees. The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

*City of Riverside v. Rivera*, supra at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted). The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). "Congress has relied on such plaintiffs to act as private attorneys general." Id., at 1450 n.13. Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

      The amount of damages awarded often has borne no relation to the amount of attorney's fees granted. "[A]ttorney's fees awarded by district courts have `frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney's fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

      For example, in *Armstrong v. The Rose Law Firm, P.A.*, 2002 WL 31050583 (D.Minn., Sept. 5, 2002), the district court approved the award of $43,180

in attorney's fees where the plaintiff recovered $1,000 in statutory damages. The Southern District of Florida affirmed the bankruptcy court's award of attorney's fees of $29,037.50 where the plaintiff recovered FDCPA statutory damages of only $1,000. <u>In re Martinez</u>, 266 B.R. 523, 544 (Bankr. S.D.Fla. 2001), *aff'd* 271 B.R. 696 (S.D.Fla. 2001).  In <u>Perez v. Perkiss</u>, 742 F.Supp. 883 (D. Del. 1990), the district court awarded $10,110 in attorney's fees where the plaintiff's recovery was only $1,200. The Seventh Circuit reversed a district court's denial of attorneys' fees even though the plaintiffs only recovered $100 ($50 each) as FDCPA statutory damages and remanded for determination of an award of attorneys' fees. <u>Zagorski v. Midwest Billing Services, Inc.</u>, <u>supra</u>. Of course, the amount of reasonable attorneys' fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. <u>Schimmel v. Slaughter</u>, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

"Unlike most private tort litigants, a plaintiff who brings an FDCPA action seeks to vindicate important rights that cannot be valued solely in monetary terms and congress has determined that the public as a whole has an interest in the vindication of the statutory rights." <u>Tolentino v. Friedman</u>, <u>supra</u> at 652, <u>citing</u> <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986).

"When a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee." <u>Hensley v. Eckerhart</u>, <u>supra</u> at 435. Here, Plaintiff received the maximum recovery possible. Indeed, she recovered (1) $1,000.00 statutory damages for herself, which is the maximum recovery possible pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(B)(i); and (2) a *cy pres* remedy equal to 1% of the Defendant's net worth. There was no additional money available through this lawsuit. Plaintiff received the best possible recovery available under the FDCPA.

Plaintiff's succeeded on every motion and claim throughout the entirety of this case, save for one motion to compel regarding attorney fees near the end of the litigation. "Litigants in good faith may raise alternative legal grounds for a desired

outcome, and the court's rejection or of failure to reach certain grounds is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, supra at 435. Nonetheless, Plaintiff does not seek attorney fees for time expended on said motion.

Unequivocally, Plaintiff successfully prosecuted the most significant FDCPA case of the year. She filed this case in the face of *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991), a Circuit Court opinion contrary to Plaintiff's theory of liability. After this Court correctly denied Defendants' Motion to Dismiss (which relied on *Graziano*), Defendants took an interlocutory appeal to the Ninth Circuit. The Ninth Circuit agreed with Plaintiff's theory, disagreed with *Graziano*, and affirmed this Court's decision.

This split among the Circuits has been acknowledged by federal courts nationwide; these federal courts have since followed Plaintiff's precedent-setting case. Additionally, the leading trade organization has taken note of Plaintiff's case and released an APB to the collection industry recommending that all its debt collector-members conform to the Ninth Circuit's decision. Plaintiff has changed not only the landscape of FDCPA litigation, but the practices of the debt collection industry, fulfilling the intent of Congress in enacting the FDCPA. Plaintiff successfully clarified for the country an area of law that had been uncertain for years.

The Eastern District of Wisconsin has stated, "[W]hen it comes time for the court to award the fees, it must not penalize [Plaintiff]'s attorneys for responding to [Defendant]'s defense. *** Law is labor intensive; lawyers are paid for the diligence and the intelligence, commodities that cannot be mass produced on an assembly line." *Diettrich v. Northwest Airlines*, 967 F.Supp. 1132, 1997 U.S.Dist.LEXIS 9071, *6-7 (E.D.Wis. 1997) *rev'd on other grounds* 168 F.3d 961 (7th Cir. 1999).

Here, Plaintiff's counsel "did not inflate this small case into a large one;

11

its protraction resulted from the stalwart defense. And although Defendants are not required to yield an inch or to pay a dime not due, they may by militant resistance increase the exertions required of their opponents and thus, if unsuccessful, be required to bear that cost." *Mcgowan v. King, Inc.*, 661 F.2d 48, 51 (5th Cir. 1981). See also *In re Pine*, 705 F.2d 936, 938 (7th Cir. 1983).

Defendants chose to pursue an interlocutory appeal asserting a theory that ran contrary to the plain language of the FDCPA. Defendants chose to force Plaintiff's counsel to obtain the services of a "nationally known consumer-rights attorney" with extensive experience arguing consumer appeals before federal circuit courts. Defendants chose to oppose strenuously every aspect of Plaintiff's case. Defendants chose to turn what began as a simple FDCPA case with a seemingly obvious violation into an intensely fought FDCPA case with unrelenting Defendants throwing up every road block conceivable.

Because Defendants have vigorously opposed Plaintiff's claims, resulting in three years of litigation, including a trip to the United States Court of Appeals for the Ninth Circuit, Defendants must compensate Plaintiff's attorneys for the time expended overcoming Defendants' opposition.

### C. PLAINTIFF'S ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES

Plaintiff has requested the award of costs and litigation expenses in addition to an award of attorneys' fees. The District of Nevada stated that "plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses . . . includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying." *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999).

The FDCPA grants the successful plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). Long distance telephone and faxing expenses, as well as

copying and postage have been awarded as costs. <u>Sousa v. Miguel</u> 32 F.3d 1370, 1374 (9th Cir. 1994). Recoverable costs include travel, photocopies, lodging, postage, telephone calls, and computerized research. <u>Libertad v. Sanchez</u>, 134 F.Supp.2d 218, 236 (D.P.R. 2001). Costs may be recovered as provided for by statute as well as 28 U.S.C. §1920. See: <u>Lathem v. Department of Children & Youth Servs.</u>, 172 F.3d 786, 794 (11th Cir. 1999). Computer research costs are recoverable. <u>United Nuclear Corp. v. Cannon</u>, 564 F.Supp. 581, 591-92 (D.R.I. 1983) ("LEXIS is an essential tool of a modern, efficient law office. As such, it saves lawyers' time by increasing the efficacy of legal research. Denial of reimbursement for LEXIS charges in a proper case would be an open invitation to law firms to use high-priced attorney time to perform routing research tasks that can be accomplished quicker and more economically with LEXIS.")

Thus, Plaintiff's litigation expenses and costs are compensable.

### D. PLAINTIFF WILL SEEK A SUPPLEMENTAL AWARD OF COSTS, LITIGATION EXPENSES AND ATTORNEYS' FEES FOR TIME EXPENDED UPON THIS MOTION

The Declarations submitted by plaintiff's attorneys detail the costs and time expended in this litigation prior to the preparation of this brief. The additional cost and time expended preparing this Motion for of an Award of Attorneys' Fees and briefing will be submitted when work of plaintiff's counsel is completed. An award of fees is appropriate for the time expended in pursuing a Motion For Award Of Attorneys' Fees. <u>Jordan v. Multnomah County</u>, 815 F.2d 1258, 1264 (9th Cir. 1987); <u>Kurowski v. Krajewski</u>, 848 F.2d 767, 777 (7th Cir. 1988); <u>Haitian Refugee Center v. Meese</u>, 791 F.2d 1489, 1500-01 (11th Cir. 1986); <u>David v. City of Scranton</u>, 633 F.2d 676 (3d Cir. 1980); <u>Johnson v. State of Miss.</u>, 606 F.2d 635, 638 (5th Cir. 1979); <u>Perez v. Perkiss</u>, <u>supra</u> at 891-92. After completion of briefing, Plaintiff's counsel will submit Supplemental Declarations for an Award of Attorneys' Fees.

## V. CONCLUSION

Based upon the lodestar calculation, attorneys' fees should be awarded to Plaintiff's counsel in the amount of $160,625.00. An award of $6,809.36 as costs and litigation expenses should also be awarded. A supplemental Declaration for an award of attorneys' fees will be submitted after the completion of briefing.

    s/ O. Randolph Bragg
O. Randolph Bragg
Craig M. Shapiro
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St., Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673

Irving L. Berg
THE BERG LAW GROUP
433 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)

ATTORNEYS FOR PLAINTIFF