Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@com.cast

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOC.
25 E. Washington St, Suite 900
Chicago, Illinois 60602
(312) 372-8822
(312) 372-1673 (Facsimile)

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>BRIDGEPORT FINANCIAL, INC., a California Corporation, and CHRISTINA HARBRIDGE, RAY LEWIS, individuals,<br><br>　　　　　　Defendants.<br>_____/ | Case No.: C 04- 0478 CRB<br><br>**DECLARATION OF IRVING L. BERG IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES -CONSUMER LAW EXPERIENCE**<br><br>**Date:**　January 5, 2007<br>**Time:**　10:00 a.m.<br>**Place:**　450 Golden Gate Avenue, Courtroom 8, 19th Floor, San Francisco, CA<br>**Judge:** Honorable Charles R. Breyer |

　　　I, Irving L. Berg, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

　　　I am one of the attorneys in this Fair Debt Collection Practices law suit and this declaration in made in support of my application for an award of attorney's fees to show my experience in consumer litigation.

　　　1.　I was admitted to practice law in 1965 after graduating from Golden Gate University. My first professional employment was as an associate attorney in the real estate

department of a major northern California savings and loan. I left that position after a year to start my own practice in consumer law. Since that time, my practice has principally involved consumer and bankruptcy law.

2. In my consumer law work, I prosecuted several truth in lending cases on behalf of consumers, specifically <u>Palmer v. Wilson</u>, 502 F. 2d 860 (9th Cir. 1974); cited in ninety-nine decisions and <u>Lagrone v. Johnson</u>, 534 F. 2d 1360 (9th Cir. 1976); cited in fifty six decisions.

3. Many of my clients have financial problems that can only be resolved by relief under the bankruptcy code. I have had extensive experience in representing individuals and small businesses in the bankruptcy court pursuant to Chapters 7 and 13, and in some cases, chapter 11.

4. While involved in bankruptcy matters, I was retained by John England, a panel trustee, to represent him as his attorney in Chapter 7 liquidations. Some notable cases were: Vesteq Financial Corporation, a national syndication of real estate limited partnerships; Upstart Crow and Company, a chain of bookstores and coffee shops; the ownership interests in the Sheraton Hotel in Burlingame, California; and the San Francisco California Council of Churches.

5. In representing clients with financial problems, I am called on to protect the clients from the aggressive conduct of debt collectors. This representation requires knowledge of state and federal laws regulating the conduct of debt collectors. I have filed many lawsuits against debt collectors based on their violation of state and federal laws. These law suits have benefitted my clients and have resulted in the debt collectors changing their practices to comply with the law.

6. I represented the plaintiff in the case of <u>Sanchez v. Weiss et al</u>, 173 F. Supp. 2d 1029 (N.D. Cal. 2001), filed as class action in the bankruptcy court. The bankruptcy judge granted the defendants' 12(b)(6) motion. I appealed the bankruptcy decision to the district court, where the bankruptcy decision was reversed. The case was subsequently settled with the defendants agreeing to change its collection notice to comply with the FDCPA. The court's decision has been cited in fifteen (15) cases including the Ninth Circuit.

7. Additionally, the following is a partial list of Fair Debt Collection Practices Act

DECLARATION OF IRVING L. BERG IN SUPPORT OF  CAMACHO V. BRIDGEPORT *et al.*
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES-  C 04-0478 CRB
CONSUMER LAW EXPERIENCE           2

cases in which I have either appeared as class counsel or on behalf of an individual consumer:

<u>Mary Sicher v. I.C. System</u>, 98 5519 (Sup. Ct. State of Cal., Marin County); <u>Mary Sicher v. California Service Bureau of Marin, Inc.</u>, 98 8459 (Sup. Ct. State of Cal., Marin County); <u>Mary Sicher v. NCO Financial Systems, Inc.</u>, C 99 12770 (N.D. Cal.) (Orrick, J); <u>Angeles Tejada v. National Revenue Service</u>, 99 6447(Sup. Ct. State of Cal., San Francisco); <u>Charae Sanchez v. Robert E. Weiss</u>, 00 41440 J13, Adv. 00 4282 (Bankr. N.D. Cal.Oakland) (Jellen, J.);<u>Paul Marquart v. Wachovia Card Services</u>, C 01 2923(N.D. Cal.) (Brazil, J.); <u>Luisa Leytman v. National Credit Services</u>, C 00 3490 (N.D. Cal.) (Laporte, J.); <u>Mary Wingate v. South San Francisco Scavenger, Inc.</u>, full class recovery C 01 4334 (N.D. Cal.) (Walker, J.); <u>Felix Saenz v. Receivables Management Solutions</u>, Inc., C 01 3583 (N.D. Cal.) (Chesney, J.); <u>Paul Marquart v. OSI Collection Services, Inc.</u>, C 01 3481 (N.D. Cal.) (Conti, J.); <u>Cesar Castro v. ER Solutions</u>, collection letter changed, C 01 3646 (N.D. Cal.) (Hamilton, J.); <u>Maria A. Barberena v. J&L Collection Services, Inc.</u>, C 01 4948 (N.D. Cal.) (Chesney, J.); <u>Frederick Banayat v.Bonded Collection Systems</u>, C 01 1953 (N.D. Cal.) (Laporte, J.); <u>Alice Torres v. Chase Manhattan Bank, USA, N.A.</u>, collection letter changed, 401164 (Sup. State of Cal. San Francisco); <u>Christina Vela v. Creditors Speciality Service, Inc.</u> C 02 3435 (N.D. Cal.) (Patel, J.); <u>Mary Ann Trubiano v. Check Plus Systems, Inc.</u>, C 02 2934 (N.D. Cal.) (Chen, J.); <u>Monica Daguman v.Crescent Jewelers Corp.</u>, collection practice changed, 02 32047 M7, Adv. 02 3288 (Bankr. N.D. San Francisco) (Montali, J.); <u>Blake Bush and Mary Bush v. LoneStar Mortgagee Services, LLC.</u>, collection letter changed, C 02 5594 (N.D. Cal.) (Conti, J.); <u>Mary Ann Trubiano v. Mitchell Kay.</u>, C 02 1541 (N.D. Cal.) (Jenkins, J.); <u>Warren Verador v. North Shore Agency, Inc.</u>, 03 00249 (N.D. Cal.) (Zimmerman, J.); <u>Kevin Tierney v. Calvary Investments</u>, LLC., collection letter changed, (N.D. Cal.) (Walker, J.); <u>Maurizio Dodi v. First USA Bank, N.A.</u>, and Vital Recovery services, 00 32708 C13, Adv. 03 3510 (Bankr. N.D. Cal. San Francisco) (Carlson, J.); <u>Maurizio Dodi v. Discovery Bank</u>, 00 32708 C13, Adv. 03 3312 (Bankr. N.D. Cal. San Francisco) (Carlson, J.); <u>Jacqueline Cummings v. Weistein, Trieger & Riley, P.S.</u>, C 03 3270 (N.D. Cal. White, J.) <u>Dan Wan v. Greenwood Trust Co.</u>, 03-31587 DM13, Adv. 03-3520;

DECLARATION OF IRVING L. BERG IN SUPPORT OF           CAMACHO V. BRIDGEPORT *et al.*
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES-          C 04-0478 CRB
CONSUMER LAW EXPERIENCE     3

Francisco R. Bracamonte v. Eskanos & Adler, 2004 U.S. Dist LEXIS 8520 (N.D. Cal. May 7, 2004). Camacho v. Bridgeport Financial, 04-0478 CRB (N.D.Cal.2004); Dupy v.Weltman,Weinberg & Reiss, 442 F. Supp. 2d 822 (N.D. Cal.2006). Abad v. Williams Cohen & Gray Inc., C 06-2550 SBA (N.D.Cal.2006).

10. The services rendered in this case were competently performed and the requested fee is reasonable.

I declare under penalty of perjury that the foregoing statements are true and correct and that this Declaration was executed at Corte Madera, California.

Dated: November 18, 2006        /s/
                                Irving L. Berg
                                THE BERG LAW GROUP
                                145 Town Center, PMB 493
                                Corte Madera, California 94925
                                (415) 924-0742
                                (415) 891-8208 (Fax)

                                ATTORNEY FOR PLAINTIFF