1
2
3
4
5
6
7

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RITA CAMACHO, on behalf of herself and all others similarly situated,

    Plaintiff(s),

v.

BRIDGEPORT FINANCIAL, INC., et al.,

    Defendants.

No. C 04-00478 CRB

**SECOND AMENDED ORDER**

    Plaintiff brought this action against Defendant for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, arguing that Defendant illegally required debtors to submit their disputes regarding debt collection in writing. Plaintiff prevailed on her claim in this Court, and again in the Ninth Circuit Court of Appeals. See Camacho v. Bridgeport Financial, Inc., 430 F.3d 1078 (9th Cir. 2005). As a result, Plaintiff obtained a settlement of $1,000 in damages, the maximum amount of permitted for an individual plaintiff under the FDCPA, and a *cy pres* award of $341.50, to be paid by Defendant to Legal Services of Northern California for use in consumer education or representation. Now pending before the Court is Plaintiff's motion to recover costs and attorneys' fees, pursuant to 15 U.S.C. § 1692(a)(3). Plaintiff seeks to recover $6,809.36 in litigation expenses, and $160,625.00 in attorneys' fees. Defendant argues that the Court should award no more than $5,000.00.

The Court finds that a resonable fee in this case falls in between Plaintiff's request and Defendant's proffer.  Here, the Court is satisfied that the number of hours spent upon this case by Plaintiff's three attorneys (Irving L. Berg, O. Randolph Bragg, and Richard J. Rubin) is reasonable.  The attorneys spent their time on motions brought by the defendant and defending the case against an appeal brought by the defendant.  While the Court acknowledges that Plaintiff's three attorneys were already exceedingly well-versed on the narrow legal question presented in the case, the Court nonetheless finds that the hours spent on the matter were reasonable.  The Court holds, however, that it would be unreasonable on the facts of this case to award the full amount requested by these attorneys.  Rather than awarding the full hourly rate suggested by Plaintiff, the Court finds, in rough accord with numerous other courts that have considered the issue in published and unpublished opinions,[1] that a reasonable rate for fees for an action brought for the violation of a mandatory provision of the FDCPA is $200.00 per hour.  Accordingly, the Court will award fees to the Plaintiff as follows:

| | | | | | |
|---|---|---|---|---|---|
| Irving L. Berg | 132.1 hours | x | $200/hour | = | $26,420 |
| O. Randolph Bragg | 156.5 hours | x | $200/hour | = | $31,300 |
| Richard J. Rubin | 60.2 hours | x | $200/hour | = | $12,040 |

The Court further holds that each attorney is entitled to the costs and expenses incurred during this litigation ($192.41 for Berg, $5,823.71 for Bragg, and $793.24 for Rubin), and that the fees submitted by Mr. Bragg vis-a-vis the employees at his law office are reasonable ($1,495.00 for his law clerk, and $115.00 for his paralegal).

---

[1] See, e.g., Maddox v. Martin Co., LLC, 2006 WL 1735394, at *1 (S.D. Ohio June 23, 2006) ($150 per hour); Clark v. Quick Collect, Inc., 2006 WL 572157, at *2 (D. Or. Mar. 6, 2006) ($250 per hour); Sparkman v. Zwicker & Associates, P.C., 2006 WL 463939, at *1-2 (E.D.N.Y. Feb. 27, 2006) ($200 per hour); Pinkham v. Prof'l Claims Bureau, Inc., 367 F. Supp. 2d 338, 340 (E.D.N.Y. 2005) ($250 per hour); Dowling v. Kucker Kraus & Bruh, LLP, 2005 WL 1337442, at *8 (S.D.N.Y. June 6, 2005) ($200 per hour); Yahoo!, Inc. v. Net Games, Inc., 329 F. Supp. 2d 1179, 1192 (N.D.Cal. 2004) ($190 per hour); Kapoor v. Rosenthal, 269 F.Supp.2d 408, 415 (S.D.N.Y.2003) ($225 per hour); In re Martinez, 266 B.R. 523, 543 (Bankr. S.D. Fla. 2001) ($200 per hour); Laster v. Cole, 2000 WL 863463, at *2 (E.D.N.Y. Jun.23, 2000) ($200 per hour); Savino v. Computer Credit, Inc., 990 F. Supp. 159, 169 (E.D.N.Y. 1998) ($200 per hour), aff'd in relevant part, 164 F.3d 81, 87 (2d Cir.1998); see also Cooper v. Sunshine Recoveries, Inc., 2001 WL 740765, at *4 (S.D.N.Y. June 27, 2001) ("Recent cases in New York City have awarded fees in FDCPA cases at rates of $175 and $200 per hour.").

1  Accordingly, the Court hereby holds that Plaintiff's attorneys are entitled to recoup
2 $6,809.36 in total costs, and $69,760.00 in total fees for successfully litigating this case on
3 their client's behalf.  Finally, The Court notes that Plaintiff has indicated her intention to seek
4 "a supplement award of costs, litigation expenses and attorneys' fees for time expended upon
5 [the motion seeking fees]."  While the Court is aware of and has carefully reviewed the
6 voluminous materials submitted by both sides on the question of attorneys' fees, the Court
7 finds that a substantial award of fees on fees would be approrpiate in this case.  Here,
8 Plaintiffs' counsel regularly represent litigants in FDCPA cases, and they are therefore
9 experienced with the law governing awards of attorneys' fees and the process for recouping
10 them.  Indeed, as Defendant points out, the materials submitted by Plaintiff's attorneys in
11 support of the motion for costs and attorneys' fees in this case are virtually identical to the
12 materials that these attorneys have submitted in other cases.  See Decl. of June D. Coleman,
13 Exhs. Q, S, X, Y, Z, AA.  Where, as here, the attorneys seeking fees support their motion
14 with materials that are substantially unchanged from those filed by them in numerous other
15 cases, the Court concludes that it would be inappropriate to award fees on fees on an hourly
16 basis.  Instead, the Court concludes that a flat award of $500 is reasonable compensation for
17 the time and effort expended by Plaintiff's attorneys to recoup their costs and fees.  In sum,
18 then, the Court hereby awards fees and costs of $77,069.36.

19  **IT IS SO ORDERED.**

22 Dated:  May 2, 2007  CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2004\0478\order 6 fees.wpd        3