1   O. Randolph Bragg, *pro hac vice*
    HORWITZ, HORWITZ & ASSOC.
2   25 E. Washington St, Suite 900
    Chicago, Illinois 60602
3   Telephone:    (312) 372-8822
    Facsimile:    (312) 372-1673
4
    Irving L. Berg (SBN 36273)
5   THE BERG LAW GROUP
    145 Town Center, No. 493
6   Corte Madera, California 94925
    Telephone:    (415) 924-0742
7   Facsimile:    (415) 891-820
8   Richard M. Pearl (SBN 46351)
    LAW OFFICES OF RICHARD M. PEARL
9   1816 Fifth Street
    Berkeley, California 94710
10  Telephone:    (510) 649-0810
    Facsimile:    (510) 548-5074
11
    Attorneys for Plaintiff Class
12

13

14                  UNITED STATES DISTRICT COURT

15            FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17

18  RITA CAMACHO, on behalf of herself and      Case No.: C 04- 0478 CRB
    all others similarly situated,
19                                              **PLAINTIFFS' MEMORANDUM
                          Plaintiff,            OF LAW IN SUPPORT OF
20                                              RENEWED MOTION FOR
         v.                                     AWARD OF REASONABLE
21                                              ATTORNEYS' FEES**
    BRIDGEPORT FINANCIAL, INC.,
22  CHRISTINA HARBRIDGE, RAY LEWIS,             Date:  Submitted Without Hearing
    individuals,                                Time:  N/A
23                                              Place: 450 Golden Gate Avenue, Courtroom 8,
                          Defendants.                  19th Floor, San Francisco, CA
24  _____/           Judge: Honorable Charles R. Breyer

25

26

27

28

**TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II.     THE RECORD OVERWHELMINGLY SUPPORTS THE
        HOURLY RATES CLAIMED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

        A.      Counsel's Skill, Experience, and Reputation . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

        B.      The Specific Work Performed Here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

        C.      Prior Determinations of Counsel's Reasonable Rates . . . . . . . . . . . . . . . . . . . . . .

        D.      Declarations of Local Attorneys  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

        E.      Awards to Other Attorneys  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.    THE TIME PLAINTIFFS' COUNSEL SPENT ON THE PRIOR FEE
        MOTION WAS REASONABLE  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

IV.     PLAINTIFFS ARE ENTITLED TO POST-JUDGMENT INTEREST
        ON THE MODIFIED AMOUNT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V.      PLAINTIFFS ARE ENTITLED TO FEES FOR THIS MOTION  . . . . . . . . . . . . . . . . . .

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

# TABLE OF AUTHORITIES

**Cases**

*Abad v. Williams, Cohen & Gray, Inc.,*
2007 WL 1839914 (N.D.Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Anderson v. Dir., Office of Workers' Comp. Programs,*
91 F.3d 1322 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*B&G Mining, Inc. and Old Republic Insurance Company v. Director,*
*Office of Workers' Compensation Programs, et al.,*
522 F.3d 657 (6th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Barjon v. Dalton,*
132 F.3d 496, 502 (9th Cir.1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Beuter v. Canyon State Professional Services, Inc.,*
Ninth Circuit No. 05-16840, Order filed April 14, 2008 . . . . . . . . . . . . . . . . . . . . . . .

*Blum v. Stenson*
465 U.S. 886 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Camacho v. Bridgeport Financial, Inc.,*
523 F.3d 973 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Campos v. Western Dental Serices, Inc. et al ,*
N.D. Cal. No. C-05-02119 RMW, Order Granting Motion
for Attorneys' Fees and Costs, filed July 13, 2007 . . . . . . . . . . . . . . . . . . . . . . . . .

*Cancio v. Financial Credit Network, Inc., et al.,*
U.S. Dist. LEXIS 13626 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Chabner v. United of Omaha Life Ins. Co.,*
1999 U.S.Dist. LEXIS 16552 at 15-16 and fn. 2
(N.D. Cal. 1999), *aff'd* 225 F.3d 1042 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . .

*Corder v. Brown,*
25 F.3d 833 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Costa v. National Action Financial Services, et al.,*
U.S. Dist. LEXIS 35339 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Davis v. City & County of San Francisco,*
748 F.Supp. 1428, 1441 (N.D. Cal. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Defenbaugh v. JBC & Assocs., Inc.,* No. C-03-0651 JCS, 2004
WL 1874978 (N.D. Cal. 2004), *aff'd by unpublished mem.,*
No. 04-16866, 2006 U.S.App.LEXIS 19930 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . .

*Farhat v. Hartford Life and Accident Insurance Company, et al.,*
U.S. Dist. LEXIS 64865 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Fleming v. Kemper National Services, Inc.,*
373 F.Supp.2d 1000 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

1

2
**Cases** *(cont.)*

3
*Friend v. Kolodzieczak,*
  72 F.3d 1386 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

4
*Garnes v. Barnhardt,*
  2006 U.S. Dist. LEXIS 5938 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

5

6
*Gates v. Rowland,*
  39 F.3d 1439 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

7
*Gens v. Ferrell,*
  2005 U.S. Dist. LEXIS 39115 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

8

9
*Gusman v. Unisys Corp.,*
  986 F.2d 1146, 1150 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

10
*Harrington v. City of Napa, et al.,*
  2005 U.S. Dist. LEXIS 32341 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

11

12
*Hyder v. Kemper National Services, Inc., et al.,*
  2007 U.S. Dist. LEXIS 45843 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

13
*Levi Stauss & Co. v. Fox Hollow Apparel Group, LLC, et al.,*
  2007 U.S. Dist. LEXIS 31355 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

14

15
*Lopez v. San Francisco Unified School Dist.,*
  385 F.Supp.2d 981 (N.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

16
*Lucas v. White,*
  63 F.Supp. 2d 1046 (N.D. Cal. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

17

18
*Moore v. Bank of America, N.A.,*
  2008 U.S. Dist. LEXIS 904 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

19
*Norman v. Housing Authority,*
  836 F.2d 1292, 1300 (11th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

20

21
*Perkins v. Standard Oil Co.,*
  487 F.2d 672 (9th Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

22
*Petroleum Sales, Inc. v. Valero Refining Company, et al.,*
  2007 U.S. Dist. LEXIS 70205 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

23

24
*Prison Legal News v. Schwarzenegger,*
  No. C 07-02058 CW, Order Granting In Part Plaintiff's Motion
  for Recovery of Fees, etc., filed April 10, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

25

26
*Schueneman v. 1st Credit of America, LLC, et al.,*
  2007 U.S. Dist. LEXIS 48981 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

27
*Sierra Club v. United States Environmental Protection Agency, et al.,*
  2007 U.S. Dist. LEXIS 77856 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

28

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees    iii    *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

1

**Cases** *(cont.)*

*Smith v. Citifinancial Retail Services, et al.,*
    2007 U.S. Dist. LEXIS 58723 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Thomson v. Pharm. Corp. of Am., Inc.,*
    334 F.3d 1242 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Trevino v. Gates*
    (9th Cir. 1996) 99 F.3d 911 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Winterstein v. Stryker Corporation Group Life Insurance Plan,*
    262 Fed. Appx. 841 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Yahoo!, Inc. v. Net Games, Inc.,*
    329 F. Supp. 2d 1179 (N.D.Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Young v. Polo Retail, LLC,*
    U.S. Dist. LEXIS 27269 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Statutes**

15 U.S.C. §§ 1692-1692o . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

1    **I.      INTRODUCTION AND SUMMARY**

2            This Memorandum is submitted in support of Plaintiffs' Renewed Motion for Award of

3    Reasonable Attorneys' fees, pursuant to the remand issued in *Camacho v. Bridgeport Financial,*

4    *Inc.*, 523 F.3d 973 (9th Cir. 2008) (*Camacho II*). (*Camacho I* was the Ninth Circuit's decision on

5    the merits 430 F.3d 1078 (9th Cir. 2005), affirming this Court's decision that the Fair Debt

6    Collection Practices Act (15 U.S.C. §§ 1692-1692o), requires debt collectors to disclose to

7    consumers their right to dispute debts orally *or* in writing.)

8            In *Camacho II*, the Ninth Circuit reversed this Court's January 24, 2007 Fee Award.  Dkt.

9    No. 170.  In doing so, the Court of Appeals re-affirmed that the FDCPA was "intended to

10   encourage private enforcement of the law by "mandat[ing] an award of attorney's fees as a means

11   of fulfilling Congress's intent that the Act should be enforced by debtors acting as private

12   attorneys general.'" 523 F.3d at 978 (internal citations omitted).

13           *Camacho II*  sets forth several specific standards to be applied on remand:

14   (1)    This Court must determine whether Plaintiff's "'requested rates are in line with those

15          prevailing in the community for similar services by lawyers of reasonably comparable

16          skill, experience and reputation.'" 523 F.3d at 980, quoting *Blum v. Stenson* (1984) 465

17          U.S. 886, 895 n. 11.  Counsel's rates may not be limited to the rates charged or awarded

18          in FDCPA cases, but must be based on those charged and awarded for all similar services.

19          *Id.* at 981 ("on remand, the district court should not restrict its analysis to FDCPA

20          cases,...").

21   (2)    The hourly rates awarded here may not be based on a finding that this litigation was

22          "typical" FDCPA litigation "in terms of its complexity and difficulty: "[The district court

23          may not] assume...that Camacho's particular FDCPA case was like the typical 'action

24          brought for the violation of a mandatory provision of the FDCPA' in terms of the

25          complexity and difficulty of her attorneys' services, particularly given their successful

26          defense of Bridgeport Financial's interlocutory appeal." *Id.* at 981.

27   (3)    The relevant hourly rates are those that prevail in the Northern District of California. *Id.*

28          at 979.

(4)    Counsel's hourly rates may not be based on cases decided "years before" the services were rendered. *Id.* at 981.

(5)    Prior awards to Plaintiff's counsel are "'satisfactory evidence of the prevailing market rate.'" *Id.* at 980 (internal citation omitted).  The Court of Appeals also made particular note of the $435 hourly rate found reasonable for Mr. Bragg in *Defenbaugh v. JBC & Assocs., Inc.,* No. C-03-0651 JCS, 2004 WL 1874978 (N.D. Cal. 2004), *aff'd by unpublished mem.,* No. 04-16866, 2006 U.S.App.LEXIS 19930 (9th Cir. 2006).  *Id.* at 979.

(6)    Compensation for all of counsel's work on the prior fee motion must be determined by the lodestar method, rather than a "flat award:"  "[O]n remand the court should calculate the lodestar to determine a presumptively reasonable fees-on-fees award before assessing whether upward or downward adjustments are warranted." *Id.* at 982.

(7)    $1610 in fees that this Court found reasonable but did not include in the final award must be included in the award on remand unless there is a valid reason for not doing so. *Id.* at 983.

At the June 23, 2008, Status Conference, this Court permitted Plaintiff to file this Memorandum. Although no further declarations were to be filed,[1] Plaintiff's understanding was that other decisions determining reasonable hourly rates would be considered.  Defendant Bridgeport also conceded that it would not oppose inclusion of the $1610 in the fee order on remand.

This Memorandum, therefore, will first address the reasonableness of the hourly rates originally requested by Plaintiff's counsel, applying the standards set forth in *Camacho II* to the record presented and providing relevant fee determinations.  This showing will demonstrate that Plaintiff's counsel easily met their burden of showing that their "requested rates are in line with

///

---

[1] The undersigned has filed his declaration, but only as to Plaintiff's request to be compensated for post-appeal work in this Court. *See* Pearl Decl., ¶¶ 1, 7.

1   those prevailing in the community for similar services by lawyers of reasonably comparable

2   skill, experience and reputation."

3        Plaintiff then will address the reasonableness of their work on the prior fee motion,

4   showing that especially in light of the time spent by Bridgeport's attorneys on the same motion,

5   the number of hours requested for the fee motion was eminently reasonable.

6        Next, Plaintiff will show that under well-established case law, they are entitled to post-

7   judgment interest on the additional sums awarded, dating from January 27, 2007, the date of the

8   original fee award.

9        Finally, Plaintiff requests that this Court award Plaintiff her reasonable attorney's fees for

10  the undersigned's post-remand work on these issues.

11  **II.   THE RECORD OVERWHELMINGLY SUPPORTS THE HOURLY RATES
        CLAIMED**

12

13       Plaintiff's evidence showing that her attorneys' requested hourly rates are reasonable

14  consists of the following:

15       **A.    Counsel's Skill, Experience, and Reputation**

16       Plaintiff's counsel presented extensive, unrebutted evidence of their skill, experience, and

17  reputation.  O. Randolph Bragg was Plaintiff's lead counsel; he sought a 2006 rate of $465 per

18  hour for his work.  Dkt. No. 128.  At the time of the initial fee motion, Mr. Bragg had more than

19  33 years of legal experience, virtually all of it concentrated in consumer law.  *Id.* He has written

20  and taught extensively on consumer law issues, and is widely-recognized as one of the country's

21  leading experts in consumer law issues.  *Id.*.  He also had prior experience with the particular

22  issue litigated here (*id.*); as this Court's initial Fee Order recognized, Plaintiff's counsel were

23  "already exceedingly well-versed on the narrow legal issues presented." Dkt. No. 170 at 2.

24       Mr. Bragg's expertise and skill also is demonstrated by the undisputed fact that he and his

25  co-counsel spent forty-four percent (44%) fewer hours *winning* this case than Bridgeport's

26  attorneys spent *losing* it: Bridgeport's attorneys spent 491.2 hours through December 2006 (Dkt.

27  No. 220 at 4-5), while Plaintiff's attorneys spent less than 390 hours (Dkt. Nos. 128, 129, 131,

28  165).

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                    3          *Camacho, et al. v. Bridgeport Finanicial, et al.*
                                                                             Case No. C 04-0478 CRB

Co-counsel in this Court was Irv Berg, a 41-year attorney who also has devoted most of his career to representing consumers. Dkt. No. 130. He too had prior experience with this issue. *Id.* His requested hourly rate ($425) was entirely consistent with the rates charged by similarly qualified attorneys, and like Mr. Bragg, is reflected in the 44% fewer hours it took to win the case than Bridgeport's attorneys spent losing it.

Richard J. Rubin handled the *Camacho I* appeal. He is also a highly regarded consumer attorney who now works exclusively on appellate matters; indeed, the 7th Circuit has referred to him as "a nationally-known consumer rights attorney." Dkt. No. 131. Mr. Rubin had 31 years of experience at the time the first fee motion was filed, including prior experience with the issue presented here. *Id.*. His $500 hourly rate reflects that experience and expertise, as well as the high level and caliber of work he performed in the Ninth Circuit. *See* 523 F.3d at 981 (directing court to assess complexity and difficulty of attorneys' services "particularly given their successful defense of Bridgeport Financial's interlocutory appeal"). The time he spent winning *Camacho I* (58.2 hours) was eminently modest.

**B.     The Specific Work Performed Here**

The Ninth Circuit recognized that this case was not the "typical" FDCPA action and that counsel's rates should reflect this fact. 523 F.3d at 981. In fact, this case involved several components that required and utilized counsel's extensive, specialized experience and expertise:

1.  *Camacho* was filed and certified, over Bridgeport's opposition, as a statewide class action:  the class consisted of more than 7,000 members. Dkt. No. 88. This fact alone distinguishes it from most FDCPA cases.

2.  *Camacho* also involved a critically important issue under the FDCPA, one of first impression in the Ninth Circuit – whether collection agencies could limit consumers to disputing their debts only in writing.

3.  On this issue, counsel's task was made far more difficult by the fact that the sole extant Circuit authority on point had previously ruled *against* Plaintiff's position. *See Graziano v. Harrison,* 950 F.2d 107 (3rd Cir. 1991).

///

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                4                *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

4. Correlatively, most FDCPA cases resolve shortly after filing with a Rule 68 offer or other settlement. Here, however, Bridgeport filed a substantive Motion to Dismiss Plaintiff's Complaint, which Plaintiffs opposed and this Court rejected. Dkt. No.s 27-33, 56.

5. Then, rather than accept this Court's ruling, Bridgeport sought and obtained leave to file an immediate appeal on the grounds the issue warranted immediate resolution. Dkt. No. 56.

6. Plaintiff's counsel then defended this Court's ruling on appeal. They did that job so well that the Ninth Circuit affirmed this Court's decision with a published Opinion (*Camacho I*).

7. On remand, Plaintiff's counsel engaged in contested discovery on class certification, class remedy, and attorneys' fee issues. *See* Dkt. Nos. 128-2. Again, this is not typical FDCPA practice.

8. Plaintiff's counsel then had to file and win a contested class certification motion, permitting them to bring this case on behalf of Bridgeport's 7,000 statewide consumers. Dkt. Nos. 37-43; 59-63. While Bridgeport did not contest the fact of class certification, it raised issues as to the class definition, HIPPA and GLB privacy, and class notice. *Id.*

9. Finally, counsel were able to negotiate a settlement on the class' behalf and obtain court approval for that settlement. Dkt. Nos. 99-103; 121-122. Again, this is not routine work.

These difficulties and complexities fully support the rates sought by Plaintiff's counsel because their specialized experience and expertise enabled them to perform these tasks efficiently and effectively. Indeed, this is essentially what this Court found in its original fee order:

> "The Court is satisfied that the number of hours spent upon this case by Plaintiff's three attorneys ...is reasonable. The attorneys spent their time on motions brought by the defendant and defending the case against the appeal brought by the defendant. While the Court acknowledges that Plaintiff's three attorneys were already exceedingly well-versed on the narrow legal question presented in the case, the Court nonetheless finds that the hours spent on the matter were reasonable." Dkt. No. 170, p. 2:2-8.

This finding was not appealed and is now *res judicata*.

Bridgeport has contended, however, that counsel's rates should be *reduced* because they worked on these issues before and were able to use prior work product. This argument makes no sense. The fact that all of Plaintiff's hours on the merits were found to be reasonable because

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                5                *Camacho, et al. v. Bridgeport Financial, et al.*
Case No. C 04-0478 CRB

they "were already exceedingly well-versed on the narrow legal question presented" suggests, as the Ninth Circuit recognized, that counsel should be compensated at *higher* rates, not lower ones. *See* 523 F.3d at 978. An attorney who has handled the same issue before and therefore is able to reuse prior work to more effectively and efficiently litigate a case commands *higher* rates in the legal marketplace.

### C.     Prior Determinations of Counsel's Reasonable Rates

Prior determinations of counsel's hourly rates also strongly support their requested rates here.  Those determinations include the following:

*Defenbaugh v. JBC & Assocs,* **2004 U.S.Dist.LEXIS 16256,** *aff'd by unpublished mem.,* **No. 04-16866, 2006 U.S.App.LEXIS 19930 (9th 2006).**   In *Defenbaugh,* the court found that Mr. Bragg's 2004 hourly rate of $435 was reasonable.  2004 U.S.Dist.LEXIS 16256 at *20. That determination was specifically affirmed by the Ninth Circuit.  2006 U.S.App.LEXIS 19930 at *4.   Given that *Defenbaugh* was significantly less complex than *Camacho* -- it settled in less than a year with no motions or appeals; that a full record was presented there by the same lawyers who represented Bridgeport here; and that there is no other basis on which to award a lower rate here, it is strong and compelling evidence that counsel's current rates are reasonable.  *See, e.g., United Steelworkers v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990).  The Ninth Circuit made particular reference to the *Defenbaugh* award.  523 F.3d at 979.

*Cancio v. Financial Credit Network, Inc., et al.,* **2005 U.S. Dist. LEXIS 13626 (N.D. Cal. 2005).** *Cancio* was an FDCPA case that settled for individual relief after limited discovery and a Rule 68 offer. The court found that a reasonable 2005 hourly rate for Mr. Berg was $345 and for Mr. Bragg was $435. At *8.

*Campos v. Western Dental Serices, Inc. et al* , **2007 WL 2050976 (N.D. Cal. No. C-05-02119 RMW, Order Granting Motion for Attorneys' Fees and Costs, filed July 13, 2007.)** In this FDCPA class action, Judge Whyte found that a reasonable hourly rate for Mr. Bragg's services was $465: "The court further finds that $300 an hour for Mr. Wilcox and $465 an hour for Mr. Bragg are reasonable rates for attorneys with their equivalent years of experience." Order at 2.

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                    6                    *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

1    ***Beuter v. Canyon State Professional Services, Inc.*, Ninth Circuit No. 05-16840, Order**

2    **filed April 14, 2008.** Richard Rubin was awarded $500 per hour for his appellate services in this

3    matter. This rate compares favorably to the rates found reasonable for appellate work in this

4    Circuit. In *Moore v. Bank of America,* 2008 U.S. Dist.LEXIS 904 (S.D. Cal. 2008) at *8, the

5    court found $550 per hour was a reasonable rate for a San Francisco-based consumer law

6    attorney with 23 years of experience for time spent defending a Truth in Lending Act fee award.

7    Likewise, in *Environmental Protection Information Center v. U.S. Forest Service*, 9th Cir.  No.

8    04-15512, Order filed October 2, 2007 (Compendium, Tab A), the Appellate Commissioner

9    found that a reasonable hourly rate for an attorney with 13 years' experience was $425.  At 11.

10   In addition, the uncontroverted evidence in the record shows that Mr. Rubin charges and

11   receives $500 per hour from market-rate paying clients for his appellate services. Dkt No. 131.

12   This fact too is significant evidence that his rate was reasonable. *See Gusman v. Unisys Corp.*,

13   986 F.2d 1146, 1150 (7th Cir. 1998).

14   The Northern District cases previously cited by Bridgeport that set lower rates for

15   Plaintiff's counsel are both distinguishable and of dubious validity in light of *Camacho II.*

16   For example, Bridgeport cites *Abad v. Williams, Cohen & Gray, Inc.,* 2007 WL 1839914

17   (N.D.Cal. 2007), in which Judge Armstrong rejected Magistrate Judge Spero's recommendation

18   and awarded Mr. Bragg $250 per hour.  However, *Abad* is currently under reconsideration in

19   light of *Camacho II* because it relies solely on FDCPA cases, without evaluating the particular

20   novelty and complexity of each case or the rates found reasonable in other types of comparable

21   litigation. *See Camacho II,* 523 F.3d at 980-981.

22   Moreover, *Abad* involved none of the difficulties and complexities of the instant case

23   described above -- no issue of first impression, no contrary Third Circuit opinion, no appeal to

24   the Ninth Circuit, and no class certification or remedy.

25   **D.     Declarations of Local Attorneys**

26   *Camacho II* also recognizes that the declarations of prominent Bay Area class

27   action/consumer attorneys James Sturdevant and Mark Chavez supported Plaintiff's requested

28   rates, and while they were are not "dispositive," they should be considered. 523 F.3d at 980.

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees          7          *Camacho, et al. v. Bridgeport Financial, et al.*
Case No. C 04-0478 CRB

Both Mr. Sturdevant and Mr. Chavez attested to their extensive knowledge of the prevailing rates in the Northern District of California, their personal familiarity with Plaintiffs' counsel, and their opinions that the rates being sought were reasonable and appropriate in light of the services rendered and the prevailing rates in the local market for comparably qualified attorneys doing comparable work. Dkt. Nos. 132, 133. This is the same evidence that the court relied on in finding Mr. Bragg's 2004 rate of $435 per hour reasonable. *See Defenbaugh,* 2004 U.S. Dist. LEXIS 16256, at *15.

Bridgeport presented *no* contrary declarations from disinterested attorneys. Instead, the only evidence it presented consisted of declarations from its own Sacramento-based attorneys stating their own rates. Dkt. Nos. 135, 142. This evidence should be afforded little if any weight.

The courts repeatedly have recognized that the rates charged to insurance companies (and government entities) on an on-going basis, like those Bridgeport's attorneys charged here, are *not* reflective of the market for public interest attorneys representing plaintiffs in a single case because such rates are often heavily discounted: "[I]t is not unusual for a law firm representing a government entity on an ongoing basis to charge substantially lower hourly rates than would be charged for representation in a single case. Where the facts show this, the fee charged by a government attorney is simply irrelevant to the establishment of a reasonable hourly rate for a plaintiff's civil rights lawyer." *Norman v. Housing Authority,* 836 F.2d 1292, 1300 (11th Cir. 1988). *Accord B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 665 (6th Cir. 2008).

This District and the Ninth Circuit recognize the same fact. *See Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911, 925; *Chabner v. United of Omaha Life Ins. Co.*, 1999 U.S.Dist. LEXIS 16552 at 15-16 and fn. 2 (N.D. Cal. 1999), *aff'd* 225 F.3d 1042, 1053 fn. 11 (9th Cir. 2000). As this District recognized in *Chabner*: "[D]efense firms representing insurance companies commonly discount their rates. They thus present an inapt reference point for the rates of public interest civil rights lawyers."

///

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                    8               *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

1    Insurance defense firms also frequently make up for low rates by billing more hours.

2    Here, Bridgeport's attorneys had an on-going relationship with FDCPA defendants and their

3    insurance companies. *See* Dkt. Nos. 135, 142.  Yet, even though they lost the case, through

4    December 2006, they had billed twenty-five percent (25%) *more* hours than Plaintiff's attorneys:

5    491.2 hours to Plaintiffs' less than 390 hours (ER 244).  And indeed, despite their discounted

6    rates, their fees for losing the case ($90,946) was almost 25% higher than this Court's original

7    award to Plaintiff's counsel for winning ($73,670).  Dkt. Nos. 166, 170.

8        Moreover, Bridgeport's attorneys are based in Sacramento, where rates are considerably

9    lower than in the Bay Area.  *See Barjon v. Dalton,* 132 F.3d 496, 502 (9th Cir.1997).  They also

10   have less experience than Plaintiff's attorneys, as evidence by the greater number of hours they

11   spent.  *See* Dkt. Nos. 135, 142.

12       Bridgeport's attorneys' rates simply reflect an "inapt reference point" for the rates charged

13   by plaintiffs' attorneys handling similarly complex cases on a *non*-discounted basis.[2]

14   **E.    Awards to Other Attorneys**

15       Hourly rate determinations for comparable work in the Northern District also

16   conclusively show that the rates claimed here are "in line with those prevailing in the community

17   for similar services by lawyers of reasonably comparable skill, experience and reputation." Those

18   determinations, listed in alphabetical order, include:

19   ♦   *Coles et al v. City of Oakland,* N.D. Cal. No. C-03-2961 TEH, Order Granting in Part and
         Denying in Part Plaintiffs' Motions for Attorneys' Fees and Costs, filed January 4, 2007
20       (Compendium, Tab B):

21       Type of case: Police misconduct
         Manner of resolution: Settlement
22       Attorney Years of Experience: 37; 15.
         Hourly Rate Found Reasonable: $525; 420
23
     ♦   *Environmental Protection Information Center v. U.S. Forest Service*, 9th Cir.  No. 04-
24       15512, Order filed October 2, 2007 (Compendium, Tab A)

25   ///

26   _____

27       [2]  Bridgeport has contended there is no evidence that its rates were discounted, but that
28   certainly can be inferred from the fact that its bills were sent to an insurance company client. Dkt
     No. 166. *See Chabner,* 1999 U.S.Dist. LEXIS 16552 at 15-16 and fn. 2.

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                9                *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

Type of case: Environmental appeal
Manner of resolution: Appellate Decision
Attorney Years of Experience: 13
Hourly Rate Found Reasonable: $420

♦ *Farhat v. Hartford Life and Accident Insurance Company, et al.,* 2006 U.S. Dist. LEXIS 64865 (N.D. Cal. 2006)
Type of case: Individual ERISA
Manner of resolution: Summary Judgment

Attorney Years of Experience: Experienced Partners
Hourly Rate Found Reasonable: $400-495

♦ *Fleming v. Kemper National Services, Inc.*, 373 F.Supp.2d 1000 (N.D. Cal. 2005)

Type of case: Individual ERISA
Manner of resolution: Judgment for Plaintiff
Attorney Years of Experience: 10 Years ERISA Experience
Hourly Rate Found Reasonable: $450

♦ *Garnes v. Barnhardt,* 2006 U.S. Dist. LEXIS 5938 (N.D. Cal. 2006)

Type of case: Individual Social Security
Manner of resolution: Summary Judgment
Attorney Years of Experience: 38 Years
Hourly Rate Found Reasonable: $414

♦ *Gens v. Ferrell,* 2005 U.S. Dist. LEXIS 39115 (N.D. Cal. 2005)

Type of case: Removal Motion (28 U.S.C. § 1447(c)
Manner of resolution: Granted
Attorney Years of Experience: 20
Hourly Rate Found Reasonable: $410

♦ *Harrington v. City of Napa, et al.,* 2005 U.S. Dist. LEXIS 32341 (N.D. Cal. 2005)(Report and Recommendation)

Type of case: Police Misconduct
Manner of resolution: Settlement
Attorney Years of Experience: 19; 33
Hourly Rate Found Reasonable: $400; $520 (for fee motion)

♦ *Hyder v. Kemper National Services, Inc., et al.,* 2007 U.S. Dist. LEXIS 45843 (N.D. Cal. 2007)

Type of case: Individual ERISA
Manner of resolution: Summary Judgment
Attorney Years of Experience: Senior Attorneys with Specialized Practice
Hourly Rate Found Reasonable: $450

♦ *League for Coastal Protection, et al. v. Kempthorne, et al.,* 2006 U.S. Dist. LEXIS 94530 (N.D. Cal. 2006)

///

///

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees          10          *Camacho, et al. v. Bridgeport Financial, et al.*
Case No. C 04-0478 CRB

Type of case: Environmental Protection
Manner of resolution: Summary Judgment (within 3 ½ months)
Attorney Years of Experience: Senior Attorneys with Specialized Practice
Hourly Rate Found Reasonable: $450

♦ *Levi Stauss & Co. v. Fox Hollow Apparel Group, LLC, et al.,* 2007 U.S. Dist. LEXIS 31355 (N.D. Cal. 2007)

Type of case: Trademark Infringment
Manner of resolution: Default Judgment
Attorney Years of Experience: Partner
Hourly Rate Found Reasonable: $440

♦ *Lopez v. San Francisco Unified School Dist.,* 385 F.Supp.2d 981 (N.D. Cal. 2005)

Type of case: ADA Class Action
Manner of resolution: Consent Decree
Attorney Years of Experience: 30
Hourly Rate Found Reasonable: $495

♦ *Petroleum Sales, Inc. v. Valero Refining Company, et al.,* 2007 U.S. Dist. LEXIS 70205 (N.D. Cal. 2007)

Type of case: Commercial Contract Dispute
Manner of resolution: Summary Judgment
Attorney Years of Experience: 25
Hourly Rate Found Reasonable: $515-575

♦ *In re Portal Software Secs. Litig.,* 2007 U.S. Dist. LEXIS 88886 (N.D. Cal. 2007)

Type of case: Class Action
Manner of resolution: Settlement
Attorney Years of Experience: 20+ Years
Hourly Rate Found Reasonable: $484

♦ *Prison Legal News v. Schwarzenegger*, No. C 07-02058 CW, Order Granting In Part Plaintiff's Motion for Recovery of Fees, etc., filed April 10, 2005 (Compendium Tab C)

Type of case: Civil Rights
Manner of resolution: Settlement
Attorney Years of Experience: 46
Hourly Rate Found Reasonable: $700

♦ *Schueneman v. 1st Credit of America, LLC, et al.,* U.S. Dist. LEXIS 48981 (N.D. Cal. 2007)

Type of case: Individual FDCPA
Manner of resolution: Rule 68
Attorney Years of Experience: 5 Years Consumer, Plus 14 Real Estate
Hourly Rate Found Reasonable: $325

♦ *Sierra Club v. United States Environmental Protection Agency, et al.*, U.S. Dist. LEXIS 77856 (N.D. Cal. 2007)

Type of case: Environmental Protection
Manner of resolution: Consent Decree (Resolved in Less than Nine Months)

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees          11          *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

Attorney Years of Experience: 23
Hourly Rate Found Reasonable: $450

♦   *Smith v. Citifinancial Retail Services, et al.*, U.S. Dist. LEXIS 58723 (N.D. Cal. 2007)

Type of case: Individual Fair Credit Reporting Act
Manner of resolution: Rule 68
Attorney Years of Experience: 34
Hourly Rate Found Reasonable: $450

♦   *Young v. Polo Retail, LLC,* U.S. Dist. LEXIS 27269 (N.D. Cal. 2007)

Type of case: Commercial Contract Dispute
Manner of resolution: Settlement
Attorney Years of Experience: 20+
Hourly Rate Found Reasonable: $425 (2005 Rate)

Bridgeport and this Court have previously cited to the rate determinations in *Yahoo!, Inc. v. Net Games, Inc.*, 329 F. Supp. 2d 1179 (N.D.Cal. 2004). However, the method Judge Walker used to determine reasonable hourly rates was fundamentally inconsistent with *Blum*, and with *Camacho II,* as several subsequent decisions recognized. *See, e.g., Gens v. Farrell*, 2005 U.S. Dist. LEXIS 39116, at *6-7 and fn. 2 (N.D. Cal. 2005) (rejecting *Yahoo* methodology); *Garnes, supra; Petroleum Services, supra* (same).

In fact, Judge Walker has now adjusted his method for determining reasonable hourly rates, using  the "*Laffey* Matrix" adopted in the District of Columbia, with adjustments for higher Bay Area rates. *See Garnes v. Barnhardt, supra*; *In re Portal Software Secs. Litig., supra*; *Young v. Polo Retail, LLC, supra*. The result is that attorneys with more than twenty years' experience are now routinely awarded hourly rates of more than $450 per hour.  *See, e.g., In re Portal Software, supra.*

Under the standards set forth in *Camacho II,* the rates originally requested by Plaintiff's counsel were reasonable.  Plaintiff respectfully requests that they be awarded in full.

III.   **THE TIME PLAINTIFFS' COUNSEL SPENT ON THE PRIOR FEE MOTION WAS REASONABLE**

*Camacho II* recognizes that Plaintiff's counsel are entitled to be compensated for all the time reasonably spent on their original fee motion, based on the same lodestar method applicable to work on the merits.  523 F.3d at 982 (on remand, court "should calculate the lodestar to

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                    12                *Camacho, et al. v. Bridgeport Financial, et al.*
                                                                                    Case No. C 04-0478 CRB

1    determine a presumptively reasonable fees-on-fees award before assessing whether upward or

2    downward adjustments are warranted").

3          In this case, Plaintiff's counsel claimed 13.45 hours with their original fee motion for

4    work on the fee application. Dkt. Nos. 129-131. This Court found that all of that time was

5    reasonable, as the Ninth Circuit found. 523 F.3d at 983 ("In the first part of its order, after

6    acknowledging that the attorneys were "already exceedingly well-versed on the narrow legal

7    question presented" the district court found all of the attorneys' hours in Camacho's initial motion

8    to be reasonable and computed their fee awards accordingly.")

9          The issue now is whether the additional time spent and claimed by Mr. Bragg's office

10   was reasonable – Mr. Berg and Mr. Rubin claimed no additional time, even though they also had

11   reviewed the opposition and consulted with Mr. Bragg on the reply papers. Dkt. No. 165. On

12   January 9, 2007, Mr. Bragg submitted a supplemental declaration attesting to the hours his office

13   had spent since November 17, 2006. Dkt. No. 165. In that declaration, Mr. Bragg claimed an

14   additional 16.2 hours of his time and 24.2 hours of his associate's, time spent both preparing the

15   original motion and responding to Bridgeport's massive opposition. *Id.* No time was claimed for

16   Plaintiff's efforts to discover Bridgeport's fees, even though this Court eventually ordered that

17   information produced, nor was any time claimed for reviewing Bridgeport's two later

18   submissions (Dkt. Nos. 166 and 167), or for appearing at the hearing. Plaintiff submits that by

19   any standard, that time was undeniably modest and reasonable.

20         First, it included time spent preparing the original 14-page Memorandum, which included

21   an originally prepared detailed description of the litigation, as well as obtaining the two

22   supporting declarations (Sturdevant and Chavez). Dkt. Nos. 126-128; 132-133.

23         More significantly, it included all the time spent reviewing and replying to Bridgeport's

24   massive opposition filing, which totaled more than 300 pages. Dkt. Nos. 134, 136-147. In

25   addition to a 22-page memorandum (Dkt. No. 134), Bridgeport filed the declaration of June D.

26   Coleman, its attorney, and twelve exhibits supporting that declaration, including a lengthy

27   declaration from name partner Mark Ellis from another case. Dkt. Nos. 135 - 147. Bridgeport's

28   Opposition challenged counsel's hours and rates, contending Plaintiff should recover only

1   $25,000 for winning the case, even though it later was revealed that its attorneys had billed more

2   than $90,000 for losing the case.

3       In reply, Plaintiff filed a 15-page memorandum, as well as supplemental declarations

4   from Mr. Bragg and Mr. Rubin, that thoroughly rebutted each of Bridgeport's arguments. Dkt.

5   Nos. 152, 153, 155. This was virtually all original work.

6       On January 9, 2007, this Court ordered Bridgeport to file a declaration attesting to the hours

7   and rates its attorneys had charged. ER 213.[3] On January 16, 2007, Bridgeport responded to the

8   Court's January 9 order, submitting 40 pages of billing statements. Dkt. No. 166. This filing

9   showed that Bridgeport's attorneys had billed Bridgeport's insurance carrier a total of $90,946

10  through December 2006, and had expended far more hours *losing* the litigation than Plaintiffs'

11  attorneys had spent *winning* it. *Id.*

12      More significantly for purposes of fees on fees, Bridgeport's bills showed that in December

13  2006 alone, its attorneys had spent 28.5 hours ($4,987.50) on their opposition to Plaintiffs' fee

14  motion, even though they too had litigated many of these issues previously. *See* Dkt. Nos. 136-

15  147; 166.  Significantly, these 28.5 hours did *not* include substantial additional time that

16  Bridgeport's attorneys subsequently spent on the fee motion, including Ms. Coleman's January

17  16, 2007, declaration that included four pages of argument (Dkt. NO. 166-2), and its January 17,

18  "Objections to Evidence," which included nine more pages of detailed argument (Dkt. No. 167).

19  Nor did those 28.5 hours include their attorney's appearance at the fee hearing. Dkt. No. 166.

20      With all of this additional work in January, the only reasonable inference is that

21  Defendant's hours on the fee motion were in the same general range as Plaintiff's. Given that

22  Plaintiff bore the burden of proof, the time spent by Defendant  amply justifies the time Plaintiff

23  claimed. *See Democratic Party of Washington v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004)

24  ///

25

26  _____

27      [3] Plaintiffs had previously sought unsuccessfully to obtain this very information through
    discovery. Dkt. Nos. 104 - 106, 114, 117, 119. Even though Bridgeport was eventually ordered

28  to disclose this information, no compensation was sought for these discovery efforts.  ER 165.

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees          14          *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

1  (when fee opponent's hours are of the "same magnitude" as fee-claimant's, they are highly

2  probative of reasonableness).[4]

3      Nor can the award be justified on the ground that Plaintiff's submission of post-motion

4  hours was "procedurally flawed."  It goes without saying that the time Plaintiffs' counsel spent

5  replying to Bridgeport's lengthy Opposition could not have been claimed with the moving

6  papers; it had not been spent yet. It is completely ordinary practice for counsel to supplement

7  their original claim with the additional time spent replying to the fee-opponent's opposition. *See*

8  *Cruz v. Alhambra School Dist.,* 2008 U.S.App.LEXIS 12859 (9th Cir. 2008) at *8. [Not cited as

9  precedent.] Indeed, Bridgeport raised this argument in the Ninth Circuit, but *Camacho II*

10  implicitly rejected it by directing this Court to determine whether Plaintiff's "supplemental"

11  hours were reasonable. 523 F.3d at 982.

12      Likewise, this Court expressly recognized that there had been "voluminous materials

13  submitted by both sides on the question of attorneys' fees,...," without finding that any of those

14  materials were improper, unnecessary, or untimely. Dkt. No. 170.

15      Bridgeport also had ample opportunity to respond. Indeed, *after* Bragg's supplemental

16  declaration was filed, Bridgeport filed a 9-page memorandum objecting to Plaintiffs' evidence.

17  Dkt No. 167.

18      The total fees-on-fees claimed by Plaintiff's attorneys also are eminently reasonable in

19  comparison to the fees-on-fees found reasonable in numerous other cases in this District.  For

20  example, in *Prison Legal News v. Schwarzenegger, supra,* the court awarded plaintiff's attorneys

21  $42,098.38_for their work on the fee motion.  In *Lucas v. White*, 63 F.Supp. 2d 1046, 1060 (N.D.

22  Cal. 1999), the court awarded 394.74 hours for the fee motion.  *See also Gates v. Rowland*, 39

23  F.3d 1439 (9th Cir. 1994) ($177,603 awarded for fee-related work); *Davis v. City & County of*

24  ///

25

---

26      [4] In its original fee order, this Court noted that Plaintiffs' fee pleadings were
"substantially unchanged" from previously filed pleadings. Dkt. No. 170.  It is undisputable,
27  however, that both the description of the case in the original memorandum and the work
performed *after* the motion was filed was *original work*, including a 15-page Reply
28  Memorandum and three declarations. Dkt. Nos. 127, 152, 153, 155.

Plaintiffs' Memorandum of Law in Support of Renewed
Motion for Award of Reasonable Attorneys' Fees                15                *Camacho, et al. v. Bridgeport Finanicial, et al.*
Case No. C 04-0478 CRB

*San Francisco*, 748 F.Supp. 1428, 1441 (N.D. Cal. 1990) (compensating more than 600 hours on fee-related work), *aff'd in relevant part,* 976 F.2d at 1544 (9th Cir. 1992).

Plaintiffs are entitled to be fully compensated for *all* their reasonable fee-related work. *See Anderson v. Dir., Office of Workers' Comp. Programs*, 91 F.3d 1322, 1325 (9th Cir. 1996); *Thomson v. Pharm. Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003). The time spent here was eminently reasonable and should be compensated in full.

## IV.   PLAINTIFFS ARE ENTITLED TO POST-JUDGMENT INTEREST ON THE MODIFIED AMOUNT

Plaintiff's counsel also are entitled to post-judgment interest on the original award, as modified, from the date of the Court's original fee order.[5] In *Perkins v. Standard Oil Co.*, 487 F.2d 672 (9th Cir. 1973), the Ninth Circuit expressly held that plaintiffs are entitled to post-judgment interest on a fee award from the date of the original finding of entitlement to the award, even if the award is reduced on appeal. 487 F.2d at 674-76. *See also Friend v. Kolodzieczak*, 72 F.3d 1386, 1392 (9th Cir. 1995) (citing *Perkins* with approval).

This rule is consistent with the principal that statutory fee awards must compensate fee claimants in some manner for delay in payment. *See, e.g., Anderson v. Dir., Office of Workers Compensation Programs*, 91 F.3d 1322 (9th Cir. 1996). While this is generally done by using current rates, the Ninth Circuit has expressly held that when a fee award is reversed and remanded for redetermination, current rates should not be used; instead, delay should be compensated by an award of post-judgment interest on the modified amount, calculated from the date of the original award. *Corder v. Brown*, 25 F.3d 833, 838 (9th Cir. 1994).

These cases are directly on point here. Plaintiff's counsel are entitled to post-judgment interest on whatever additional amounts they are due, calculated at 5.10%, the applicable interest rate when the original Fee Order was filed on January 24, 2007. through the date of this Court's order on remand. (Any subsequent delay would bear interest at the then-current rate.)

///

---

[5]  The original award has been paid. Interest is sought only on the amounts that this Court determines should have been part of the original award.

1   **V.   PLAINTIFFS ARE ENTITLED TO FEES FOR THIS MOTION**

2        Lastly, Plaintiffs are entitled to their fees for this motion.  *See, e.g., Friend v. Kolodzieczak,*

3   72 F.3d at 1391 (affirming fee award for fee-related services rendered on remand).  The

4   undersigned has spent 17.70 hours preparing Plaintiff's Status Report and Supplemental Status

5   Report, reviewing Bridgeport's Status Report, attending the Status Conference, and preparing

6   this Memorandum. Pearl Decl., ¶ 7 and Exh. B.[6]

7        The undersigneds' hourly rate ($550) also is reasonable.  Mr. Pearl is a thirty-eight year

8   attorney who now specializes in attorneys' fee and appellate matters.  Pearl Decl., ¶¶ 3-6, 8-10,

9   and Exh. A.  Numerous clients pay his full hourly rate, and numerous courts have determined his

10  rates to be reasonable, including the Southern District of California's recent award for his

11  appellate work in *Moore v. Bank of America,* 2008 U.S.Dist.LEXIS 904 at * 7-8 (finding Pearl's

12  2007 rate of $535 reasonable for appellate work).  *Id.,* ¶ 6.

13  **CONCLUSION**

14       For all the foregoing reasons, Plaintiff respectfully requests that her Renewed Motion for

15  Award of Reasonable Attorneys' Fees be granted in full.

16

17  DATED: June 27, 2008              Respectfully submitted,

18                           Irving L. Berg

19                           THE BERG LAW GROUP

                             O. Randolph Bragg, *pro hac vice*

20                           HORWITZ, HORWITZ & ASSOC.

21

22                           LAW OFFICES OF RICHARD M. PEARL

23

24  By: _____

                             RICHARD M. PEARL

25                           Attorney for Plaintiffs

26

27  _____

28      [6]  Although the Court specified that no further declarations should be filed, this declaration is necessary to document this aspect of Plaintiff's claim.  It is not submitted with regard to the original fee award.

1

**PROOF OF SERVICE BY MAIL**

2      I, the undersigned, am a citizen of the United States, over the age of 18 years, employed in

3  the City of Berkeley, County of Alameda, and not a party to the within action.  My business

4  address is 1816 Fifth Street, Berkeley, California 94710.

5      On the date appearing below, I served the within

6

**PLAINTIFFS' MEMORANDUM OF POINTS**
**AND AUTHORITIES IN SUPPORT OF RENEWED**
7      **MOTION  FOR ATTORNEYS' FEES;**

8      **DECLARATION OF RICHARD M. PEARL IN**
**SUPPORT OF PLAINTIFFS' RENEWED**
9      **MOTION FOR ATTORNEYS' FEES; AND**

10      **COMPENDIUM OF UNREPORTED**
**CASES**
11

12  on the parties in said action by placing a true copy thereof enclosed in a sealed envelope, with

13  postage fully prepaid, in the United States mail at Berkeley, California, addressed as follows:

14

**June D. Coleman**
**ELLIS, COLEMAN, POIRIER, LAVOIE**
15      **& STEINHEIMER LLP**
**555 University Avenue, Suite 200 East**
16      **Sacramento, CA 95825**

17

18      I declare under penalty of perjury that the foregoing is true and correct.

19      Executed on June 27, 2008, at Berkeley, California.

20

21      _____
MARGARET D. THOMAS

22

23

24

25

26

27

28

Plaintiffs' Supplemental Status Report                    *Camacho, et al. v. Bridgeport Finanicial, et al.*
                                                          Case No. C 04-0478 CRB