IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA CAMACHO, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>BRIDGEPORT FINANCIAL, INC., ET AL.,<br><br>    Defendants.<br>_____ / | No. C 04-00478 CRB<br><br>**ORDER** |

    Now pending before the Court is Plaintiffs' motion for reconsideration of this Court's July 24, 2008 Order Granting Motion for Attorney's Fees. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

    In its July 24 order, the Court reduced Plaintiffs' counsels' requested hourly rate in light of the limited results obtained. The Court agrees with Plaintiffs that it was improper to reduce the hourly rate of counsel Richard Pearl on that basis because Mr. Pearl worked exclusively on the issue of fees, not on the merits of Plaintiffs' suit. Accordingly, Mr. Pearl is awarded fees at the requested rate of $550 per hour.

    It was proper, however, to reduce the requested rates of Plaintiffs' other counsel because of Plaintiffs' limited success. As the Court recognized in its July 24 order, Plaintiffs' minimal financial recovery may result from Congressional design; nonetheless,

when setting fees it was wholly proper for the Court to take into account the fact that only one Plaintiff – Camacho – received any monetary benefit from this case. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983) ("Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the most critical factor is the degree of success obtained.").

Plaintiffs correctly argue that a reduction in fees cannot be justified on the basis of "proportionality." The Supreme Court has rejected the notion that attorney's fees "should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers." City of Riverside v. Rivera, 477 U.S. 561, 574 (1986). However, in the same opinion, the Supreme Court reiterated that "[t]he amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded," so long as it is "only one of many factors that a court . . . consider[s] in calculating an award of attorney's fees." Id.

Here, the Court did not reduce Plaintiffs' fees on the basis of some arbitrary ratio between damages and the lodestar. That the Court has awarded fees at a ratio of greater than 100:1 ought to put that misconception to rest. Rather, the Court appropriately considered Plaintiffs' limited success as one factor among many, which – when all factors are contemplated in toto – justify an hourly rate of $375 for Messrs. Berg, Bragg, and Rubin.

In accordance with this order, Plaintiffs' counsel are entitled to $144,560.00 plus interest in fees.

**IT IS SO ORDERED.**

Dated: August 25, 2008

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2004\0478\Reconsideration Order.wpd          2